## Orlosky, Appellant, v. Haskell.

Argued April 13, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

A. M. *Liveright*, with him *John Scollins* and *Frank G. Smith*, for appellant.—The learned court in construing section 1208 of the Vehicle Code of 1929 gave it too narrow a meaning.

The act is highly permissive in its text and puts it "at the discretion of plaintiff" whether he bring his action in the county wherein the damages were sustained. The earlier statutes had also made it optional but the particular one now referred to seems designed to make it certain that there should be no lingering doubt on the point: Garrett v. Turner, 235 Pa. 383.

An act that is remedial will be construed to give words used in it largest, fullest and most extensive meaning of which they are reasonably susceptible: Toll v. Beckman, 299 Pa. 1; Vinnacombe v. Phila., 297 Pa. 564; Gegg's Election, 281 Pa. 155; Vonot v. Coal Co., 285 Pa. 385.

*Geo. R. Whitmer*, with him *Bell, O'Laughlin & Silberblatt*, for appellee.—The constitutionality of the act quoted by appellant may well be questioned as the title makes no reference to the service of process issued out of the courts to counties other than those in which the court has jurisdiction.

When the title of an act does not state its real purpose clearly or with sufficient definiteness to put those interested on inquiry as to its contents, it is unconstitu-

tional and void: Com. v. Hazen, 207 Pa. 52; Com. v. Moorehead, 7 Pac. 513; Stegmaier v. Jones, 203 Pa. 47; Hatfield v. Com., 120 Pa. 395; Dorsey's App., 72 Pa. 192.

Attention is called to the part of the act beginning with "All civil actions arising," etc., "if the plaintiff has had the damages repaired," etc., then follows, "or said action may be brought," etc., evidently relating to civil actions only: Cowanshannock Poor Dist. v. County, 31 Pa. Superior Ct. 386.

Where the words of a statute are plainly expressive of an intent, not rendered dubious by the context, the question whether the same reason impelled the legislature to enact the law would justify a still broader provision is not the subject of judicial inquiry: Bradbury v. Wagenhorst, 54 Pa. 180; Union Imp. Co. v. Com., 69 Pa. 140.

OPINION BY MR. JUSTICE MAXEY, May 11, 1931:

On November 8, 1929, the plaintiff, Julia Orlosky, caused a summons in trespass to issue against Arthur J. Haskell, the defendant, in the Court of Common Pleas of Clearfield County. The summons was made returnable to the first Monday of December, 1929. With the præcipe, plaintiff filed a statement alleging that her husband, Jacob Orlosky, came to his death on May 6, 1929, as a result of injuries inflicted upon him May 5, 1929, by the negligent operation of an automobile driven by the defendant in the County of Clearfield. On November 12, 1929, the sheriff of Clearfield County deputized the sheriff of Clarion County to serve the writ. On November 22, 1929, the sheriff of Clarion County served the summons and the statement of claim on the defendant at his residence in Clarion Borough, Clarion County, by handing a true and attested copy of each to an adult member of the family and making the contents known. As of November 22, 1929, the sheriff of Clearfield County made his return, reciting the serv-

ice by the sheriff of Clarion County. On December 2, 1929, defendant appeared, by his counsel, and by motion challenged the service as invalid and moved the court to strike off the return of service, on the ground that it was not made within the jurisdiction of the sheriff of Clearfield County. The same day a rule was granted on the plaintiff to show cause why the return of service should not be stricken off. On March 18, 1930, the Court of Common Pleas of Clearfield County entered a decree sustaining defendant's motion to strike off the sheriff's return. Plaintiff appealed.

Section 1208 of the Vehicle Code of May 1, 1929, P. L. 905, at 997, provides as follows: "Section 1208. Civil Actions for Damages. All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same, properly sworn to by the party making such repairs or his agent; or said action may be brought in the court of common pleas of said county and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth in like manner as process may now be served in the proper county. No action involving more than one hundred ($100.00) dollars shall be brought before any magistrate, alderman or justice of the peace."

The decision in this case turns upon the interpretation of the section quoted. The court below held that the restrictive clause, "if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same, properly sworn to," etc., is restrictive both of the action brought before a magistrate, alderman or justice of the peace and of the action brought in the court of

common pleas, and that this being the fact the only damages that can be sued for under section 1208 are damages to property.

There are certain canons of construction of statutes expressed as follows: "The legislature must be intended to mean what it has plainly expressed,...... It matters not, in such a case, what the consequences may be. ...... Where, by the use of clear and unequivocal language, capable of only one meaning, anything is enacted by the legislature, it must be enforced, even though it be absurd or mischievous. If the words go beyond what was probably the intention, effect must nevertheless be given to them. ...... Its [the court's] duty is not to make the law reasonable, but to expound it as it stands, according to the real sense of the words": Endlich's Interpretation of Statutes, section 4 (citing cases). "When there is no inconsistency, absurdity or ambiguity in a statute as officially printed and punctuated, the court will not give it a different meaning by changing the punctuation": 25 R. C. L., page 966. "As the natural and appropriate office of a proviso is to restrain or qualify some preceding matter, it should be confined to what precedes, unless it is clear that it was intended to apply to subsequent matter. And, as a general rule, a proviso is deemed to apply only to the immediate preceding clause or provision": 25 R. C. L., page 985. This court has invariably held that when an act is remedial it will be construed so as to give to the words used in it the largest, fullest and most extensive meaning to which they are reasonably susceptible: Toll v. Beckerman, 299 Pa. 1. In that case this court held that "section 23 [of the Mechanic's Lien Act of 1901] means exactly what it says."

Excluding the last sentence of section 1208 which definitely expresses a pecuniary limitation of the jurisdiction of magistrates, etc., section 1208 is divisible by a semicolon. "The semicolon is used to separate consecutive phrases or clauses which are independent of each

other grammatically, but depend alike upon some word preceding or following": Winchell on Punctuation. The two parts of section 1208 which are separated by a semicolon are independent of each other grammatically. The first part distinctly authorizes the bringing of actions for damages arising from the use and operation of any vehicle, before any magistrate, alderman or justice of the peace if the damages have been repaired and a receipted and sworn-to bill is produced for the same. The substance of the actual language used in the part of section 1208 following the semicolon is that actions for damages from the use and operation of any vehicle may be brought in the court of common pleas, etc., and there is no conditional "if" clause or proviso following the semicolon to the effect that a receipted bill for property damages is a prerequisite to that action. A qualifying phrase which appears in a paragraph before a semicolon does not leap over or bridge the semicolon and qualify what follows the semicolon. Provisos ordinarily qualify what precedes not what follows them.

This interpretation of section 1208 is consistent with both the rules of grammar and with a reasonable view of legislative intent. The legislature might well have had in mind that in order to discourage suits for property damages arising from the use of vehicles, before magistrates, etc., for sums of money less than $100, against persons who were residents of distant counties, the party bringing the suit should be compelled to produce a sworn-to receipted bill for the repair of the alleged damages; otherwise suits might be brought before justices of the peace, etc., for trifling sums of money for alleged damages arising from the use of vehicles and the persons sued would not go to the expense of traveling from their homes to defend these actions and thus there would be opened the door to a fertile field of petty extortion. These suits brought in the court of common pleas for more than $100 necessitate no such preliminary safeguard, as the defendant would be likely to ap-

pear and defend such an action, and in any event plaintiff's claim would have to be passed upon by a judge and jury.

There is no reason why individuals injured in their person should not have equal procedural privileges with those injured in their property. In the case before us a human life was taken by defendant's alleged negligence. If because of this he had been indicted for involuntary manslaughter in the criminal courts of Clearfield County, he would, regardless of his residence, have had to answer there to the criminal charge. It is equally reasonable that no matter in what part of Pennsylvania he might reside he should be compelled to answer his alleged tort or civil wrong to the person of plaintiff's deceased husband, in the courts of that county in which the alleged tort was committed. The Vehicle Code of May 1, 1929, P. L. 905, of which section 1208 is a part, is, as declared in its title, "An act for the protection of the public safety;.....imposing.....liability for damages caused by the negligent operation of their motor vehicles; imposing penalties"; etc. The excerpt quoted indicates that the act contemplates injury to persons as well as damages to property. Section 1208 is preceded by sections 1203, 1204, 1205, 1206 and 1207, providing for arrests in cases of accidents resulting in injury or death to any person, and for hearings, appeals, records of magistrates, reports of convictions, disposition of fines.

The section under discussion is an almost literal reënactment of the Act of June 14, 1923, P. L. 718, section 30, amending section 36 of the Act of June 30, 1919, P. L. 678, which latter section was a close duplicate of section 24 of the Act of April 27, 1909, P. L. 265. Section 36 of the Act of 1919 provides that "all civil actions for damages arising from the use and operation of any motor vehicle may, at the discretion of the plaintiff, be brought in the county wherein the alleged damages were sustained, and service of process may be made by the sheriff of the county where the suit is brought deputizing the

sheriff of the county wherein the defendant or his regis-
tered agent resides." Under these Acts of 1909 and
1919 there is no doubt that suits for damages aris-
ing from the use and operation of motor vehicles em-
braced suits for personal injuries as well as suits for
injuries to property. This was recognized in Garrett v.
Turner, 47 Pa. Superior Ct. 128, decided in 1911. If
section 36 of the Act of 1919 and earlier acts which sec-
tion 36 substantially duplicated had proved to be un-
satisfactory in permitting service to be made as therein
specified in all civil actions for damages (i. e., damages
to *both* persons and property), the legislatures of 1923
and 1929 would presumably have inserted after the word
"damages" the restrictive phrase, "to property." This
the legislature did not do. It is logical to believe, there-
fore, that the Act of 1929 (like the Act of 1923) was an
enlarging, not a restricting, act. It was not intended to
limit the word "damages" to property damages, but to
confer upon aldermen, magistrates and justices of the
peace jurisdiction of actions for damages arising from
operation of vehicles when the amount involved was not
more than $100 and when a sworn-to receipted bill for
the damages could be produced. To interpret section
1208 otherwise makes it a radical departure from earlier
acts on the same subject and deprives individuals per-
sonally injured by the operation of vehicles of the rights
first legislatively bestowed upon them when the Act
of April 3, 1903, P. L. 268, was passed providing that
"all civil actions for damages arising from the use
and operation of any motor vehicle as aforesaid, shall
be brought in the city or county in which the alleged
damages were sustained, and service of process shall be
made by the sheriff, in person or by deputy, in any part
of the Commonwealth, in like manner as process may
now be served in the proper county." This right was
retained in the Motor Codes of 1905, 1909 and 1919.
The legislatures of 1923 and 1929 had the power, of
course, to deprive individuals personally injured by mo-

tor vehicles of the right to select the county situs of their injury as the forum of their action, with infra-state service of process assured, but there is not in the Vehicle Codes of either 1923 or 1929 any language clearly indicating such a restriction of the injured person's former procedural rights. When a postulated departure from a twenty-year legislative policy is challenged, it must in order to secure our judicial recognition be supported by something more substantial than mere infelicity of legislative diction. "When the words of a statute are not explicit, the intention of the legislature is to be collected......by looking to the occasion and necessity for the law and the circumstances under which it was enacted, to the mischief to be remedied, the object to be attained,......by looking at the old law upon the subject, if any, and to other statutes upon the same or similar subjects, by considering the effects and consequences of a particular construction, and by looking to contemporaneous legislative history": 25 R. C. L., section 252, page 1012, and cases cited. "When the design of the legislature is not clearly apparent, it is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits": 25 R. C. L., section 255, page 1018. That it is the policy of the legislature to facilitate the service of processes in actions for damages arising from motor vehicle accidents is indicated by an act passed within two weeks after section 1208 became a law, i. e., the Act of May 14, 1929, P. L. 1721, which provides for service on nonresident [of Pennsylvania] automobile operators or owners "in any civil suit or proceeding instituted in the courts of the Commonwealth against such operator or owner of such motor vehicle, arising out of or by reason of any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." That this act applies to processes in suits for damages for personal injuries as well as for injuries to property is unquestioned and was recognized in a re-

cent decision of this court in the case of Aversa v. Aubry, 303 Pa. 139, handed down March 16, 1931. There is a statement in that opinion which is at variance with the decision we have reached in this case. That statement is: "Appellant calls our attention to section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, 907. That, however, refers to actions brought to recover expenses paid in repairing damages done by motor vehicles and is not applicable to the instant case." It is obvious that this statement in the opinion referred to was not necessary to the decision of the question involved in that case and is therefore not controlling in this case.

Appellee questions the constitutionality of the Vehicle Code of 1929 because the title makes no reference to the service of process issued out of the courts to counties other than those in which the court has jurisdiction. We resolve this question in favor of the constitutionality of the act. The title to an act does not need to be an index to its provisions: Kaemmerling v. New Castle Township School District, 297 Pa. 44; Com. v. Macelwee, 294 Pa. 569.

The decree of the court below is reversed and the sheriff's return is reinstated; costs to be paid by the appellee.