## Dayton v. Seafern

*Jacob Shulgold*, for plaintiff.
*A. P. Rodgers*, for defendant.

EGAN, J., February 28, 1936.—The Act of June 22, 1935, P. L. 450, concerning alienation of affections actions, is before us for construction.

Defendant, the mother-in-law of plaintiff, in an affidavit of defense raising questions of law, contends that she is not within the limited class of persons who may be sued for alienation of affections since the passage of the Act of 1935.

Section 1 of the act provides:

"That all civil causes of action for alienation of affections of husband or wife, except in such cases where the defendant is a parent, brother or sister *of* a person formerly in loco parentis to the plaintiff's spouse, are hereby abolished". (Italics ours.)

An absurd conclusion is reached unless this court has the power to construe the word "of" to mean "or". If this can be done, then parents, brothers, or sisters *or* persons formerly in loco parentis to the plaintiff's spouse may be sued, thus limiting the action, insofar as the defendant is concerned, to a class of persons closely related by blood or station to the defendant's spouse. Otherwise it is difficult to imagine an action being brought, except under the rare conditions of there being a person in loco parentis to the cooling spouse whose parents, brothers, or sisters are guilty of alienating the affections of the plaintiff's spouse.

Courts have no power to alter or change a word in a statute for the purpose of giving it a construction consistent with common sense when the legislature uses the word in a sense that seems to be absurd or mischievous. The court must find that the legislature intended to mean what it has plainly expressed, which eliminates the necessity and reason for any construction.

The word "of" is plain; the legislature expressed its intention by using it, and we are without power to remove it from the statute and substitute for it the word "or": Grayson v. Aiman, Inc., 252 Pa. 461; Commonwealth v. Gouger, 21 Pa. Superior Ct. 217.

" 'Where, by the use of clear and unequivocal language, capable of only one meaning, anything is enacted by the legislature, it must be enforced, even though it be absurd or mischievous. If the words go beyond what was probably the intention, effect must nevertheless be given to them . . . . Its [the court's] duty is not to make the law reasonable, but to expound it as it stands, according to the real sense of the words' ": Orlosky v. Haskell, 304 Pa. 57, 62.

While courts in some instances have gone far in placing their construction upon a statute, even to the extent of supplying a word which the context shows was omitted by mistake, nevertheless it is the opinion of this court that a dangerous usurpation of power would be exercised by our eliminating one word and substituting another in its stead. By so doing, we would be acting as a legislative body instead of functioning as a court. If there has been an error in typing or printing the first section of the act, that defect can be corrected only by the legislature.

The question of law raised by the defendant is determined in her favor.

### Order

And now, February 28, 1936, the question of law raised by the affidavit of defense is determined against the plaintiff and in favor of the defendant, and judgment is directed to be entered in favor of the defendant.