## Dreibelbis v. Bowman et al.

*M. Vashti Burr*, for plaintiff.
*Braddock & Sohn*, for defendants.

SHEELY, P. J., fifty-first judicial district, specially presiding, December 21, 1937.—This matter is before us upon defendants' affidavit of defense raising questions of law. Plaintiff recovered a judgment of $19.10 against defendants before an alderman, based upon a claim for damages to plaintiff's automobile caused by the negligence of defendants' agents. Defendants appealed to the

court of common pleas, and plaintiff has filed a statement of claim in which he claims total damages of $1,534.10.

The first question raised by defendants is the jurisdiction of the alderman to enter the judgment appealed from. The statement of claim alleges that plaintiff's injuries were inflicted by the servants or agents of defendants. The action, therefore, is trespass on the case: Drew v. Peer, 93 Pa. 234 (1880) ; and it is contended that an alderman's jurisdiction does not extend to this type of case. Of course, if the alderman had no jurisdiction, the court of common pleas can have none on appeal: Shafer v. Cascio et al., 288 Pa. 56, 69 (1927).

A justice of the peace or alderman has only such jurisdiction in civil actions as is given him by statute: Murdy v. McCutcheon et ux., 95 Pa. 435 (1880). If the jurisdiction is not expressly granted, it does not exist. It is necessary, therefore, to find some statutory grant of jurisdiction over this type of action.

Neither the Act of March 22, 1814, 6 Sm. L. 182, nor the Act of May 29, 1879, P. L. 194, gave a justice of the peace or alderman jurisdiction over trespass on the case. His trespass jurisdiction under these acts was limited to trespass vi et armis and trespass quare clausum fregit when the sum demanded did not exceed $300. It would include actions for the recovery of damages for direct and immediate injury done to the person of plaintiff by defendant in operating his automobile, but would not include damages formerly recoverable in an action of trespass on the case: Knautt v. Massinger, 116 Pa. Superior Ct. 286 (1935).

Jurisdiction over the present action, if it existed at all, must depend upon section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by section 2 of the Act of June 22, 1931, P. L. 751, 75 PS §738, which contains substantially the same provisions as the Act of April 23, 1903, P. L. 268, and the motor codes of June 30, 1919, P. L. 678, and May 11, 1927, P. L. 886. This section provides that "All civil actions for damages, arising

from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent" or the action may be brought in the court of common pleas of said county and in either case the process may be served in another county by deputization as provided in this section. The section concludes with the words: "No action involving more than one hundred ($100.00) dollars shall be brought before any magistrate, alderman or justice of the peace."

There are numerous lower court decisions construing this section of the act and there is a direct conflict of authority. Without attempting to review all the cases, we call attention to the opinion of Judge Lewis in Campbell v. Krautheim, 4 D. & C. 577 (1924), in which it is stated:

". . . we find no difficulty in holding that when the legislature said 'all civil actions for damages arising from the use and operation of any motor vehicle,' it meant all civil actions, whether the automobile of the defendant was operated by himself or by an employee." See also Walsh v. Martin, 44 Lanc. L. R. 137 (1933); Plotnick v. Stoltzfus et al., 44 Lanc. L. R. 198 (1934).

On the other hand, in Fillman v. Messner, 17 D. & C. 717 (1932), Judge Stewart of Northampton County reviewed the various cases and quoted with approval a portion of the syllabus of Sharp v. Boyer, 6 D. & C. 597, to the effect that " 'The Act of June 14, 1923, P. L. 718, was intended merely to give jurisdiction to justices of the peace where the injury was caused by a defendant who resided in some other county than that where the injury was inflicted, and limited the amount involved in such cases to $100.' " He held that an alderman or justice of the peace has no jurisdiction of an action to recover dam-

ages to plaintiff's automobile resulting from a collision with another vehicle being operated by the defendant's servant, since the nature of the action is trespass on the case.

The problem resolves itself into a question of whether section 1208 of The Vehicle Code confers jurisdiction upon aldermen, which they did not theretofore have, i. e., over trespass on the case, or whether it merely provides for an additional method of serving process in actions over which a justice of the peace or alderman had jurisdiction under the Acts of 1814 and 1879, supra. In Faunce v. Rowan, 13 D. & C. 109 (1929), the question presented was whether the increase of the claim on appeal would have exceeded the original jurisdiction of the alderman. President Judge Hargest of this court there said:

"It seems to be uniformly held that this section [section 1212 of the Act of May 11, 1927, P. L. 886] does not repeal the Act of July 7, 1879, by limiting the jurisdiction of the justices to $100, instead of $300, in damages resulting from motor vehicle collisions, but is intended as a procedural section applicable only where the plaintiff and defendant do not reside in the same county: Doolittle v. Barr, 10 D. & C. 820; Wenger v. Dull, 10 D. &·C. 163; Sharp v. Boyer, 6 D. & C. 597; Smith v. Algeo, 74 Pitts. L. J. 224.

"It is, therefore, apparent that the alderman in this case has jurisdiction to the amount of $300, but the jurisdiction of an alderman, arising from a motor vehicle collision, is limited to the damages which are the direct result of the injury; that is to say, where, under the Act of March 22, 1814, 6 Sm. Laws, 182, the action of trespass *vi et armis* would lie. The alderman has no jurisdiction for consequential damages arising from an automobile collision". See also Sellers v. Romberger, 37 Dauph. 169 (1933).

The important words to be considered in construing this section are the words "at the discretion of the plain-

tiff." If it were intended that plaintiff could select either an alderman or the court of common pleas as the tribunal in which to bring his civil action for damages arising from the use of motor vehicles, the view expressed in Campbell v. Krautheim, 4 D. & C. 577, would be correct. But if it were intended that plaintiff could elect to bring his action in the county in which the alleged damages were sustained or in the county in which he could secure personal service upon defendant, the view expressed in Fillman v. Messner, 17 D. & C. 717, would be correct.

The legislature could not have intended that all civil actions arising from the use and operation of motor vehicles may be brought before an alderman. The act itself expressly limits his jurisdiction to $100, and then only "if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same". The only damage which could be repaired and for which a receipted bill could be produced would be property damage; consequently, claims for personal injuries could not be sued before an alderman. Therefore, instead of having jurisdiction over all civil actions arising from the use and operation of motor vehicles, his jurisdiction would be limited to claims for property damage not exceeding $100. But under the authority of Knautt v. Massinger, 116 Pa. Superior Ct. 286 (1935), an alderman does have jurisdiction over claims for personal injuries arising from the use of motor vehicles up to $300 if the injuries were directly inflicted by defendant. Thus construed, section 1208 of The Vehicle Code would be a restricting instead of an enlarging act as it was held to be in Orlosky v. Haskell, 304 Pa. 57 (1931).

On the other hand, if the discretion vested in plaintiff by this section refers to the county in which the suit shall be brought, no such inconsistency exists. Prior to The Vehicle Code, all civil actions for damages arising from the use and operation of any vehicle could be brought before a magistrate or the court of common pleas of the county in which service of process could be had upon de-

fendant. Plaintiff's difficulty was not a lack of jurisdiction in the proper tribunal, but in having to go into another county, perhaps at some distance from the scene of the accident and the homes of the witnesses, to bring suit. To overcome this hardship and to provide a "simple, inexpensive and expeditious remedy where the injury was comparatively slight and the defendant had his domicile in a distant part of the state," The Vehicle Code permits plaintiff, in his discretion, to bring "All civil actions for damages, arising from the use and operation of any vehicle . . . in the county wherein the alleged damages were sustained", and to get service upon defendant by deputization. Or, in his discretion, he may bring his action in the county in which he can get personal service upon defendant, as theretofore. To accomplish the same result where defendant is a nonresident of the State, the Act of May 14, 1929, P. L. 1721, 75 PS §1201, authorizing service of process upon the Secretary of Revenue, was passed.

If service by deputization, under section 1208, is relied upon in an action before a magistrate, the action may not involve more than $100, and the damages must have been repaired and a receipted bill therefor must be produced. But if defendant is personally served with process within the county in which suit is brought, whether it be the county wherein the alleged damages were sustained or some other county, section 1208 does not apply, no receipted bill need be filed, and the limit of the amount which may be involved is $300. In either case, however, the jurisdiction as to the nature of the action is fixed by the Acts of 1814 and 1879, and does not extend to trespass on the case.

The reason for the limitation of suits before magistrates to actions involving not more than $100, and for requiring the production of the receipted bill where service is made under section 1208, is set forth in Orlosky v. Haskell, supra, p. 63, as follows:

"The legislature might well have had in mind that in order to discourage suits for property damages arising from the use of vehicles, before magistrates, etc., for sums of money less than $100, against persons who were residents of distant counties, the party bringing the suit should be compelled to produce a sworn-to receipted bill for the repair of the alleged damages; otherwise suits might be brought before justices of the peace, etc., for trifling sums of money for alleged damages arising from the use of vehicles and the persons sued would not go to the expense of traveling from their homes to defend these actions and thus there would be opened the door to a fertile field of petty extortion." No such impelling motive exists where personal service of the summons is made upon defendant in the county in which suit is brought.

We, therefore, adopt the reasoning of Judge Stotz of Northampton County in Sharp v. Boyer, supra, that the manifest intention of this section was not to modify (or enlarge) the jurisdiction of aldermen generally in trespass cases, or even in cases arising out of the operation of motor vehicles, but it was designed to give a simple, inexpensive, and expeditious remedy where the injury was comparatively slight and defendant had his domicile in a distant part of the State. It amounts to no more than an exception to the rule as to where suit must be brought. The act applies only when the circumstances specified in this section exist.

It follows, therefore, that the alderman did not have jurisdiction of the present action, and the affidavit of defense raising the question of jurisdiction must be sustained and judgment entered thereon for defendants. This result makes it unnecessary for us to consider the other questions raised by defendants.

And now, December 21, 1937, the affidavit of defense raising questions of law filed by defendants in the above case is sustained, and it is directed that judgment thereon be entered in favor of defendants.