## McKim v. Commonwealth

*Mark T. Milnor*, for petitioner.

*Harry J. Woodward*, Deputy Attorney General, and *Claude T. Reno*, Attorney General, for defendant.

HARGEST, P. J., August 8, 1941.—This case came before us upon a bill in equity. Counsel for plaintiff conferred with us on the morning of August 6th, the last day for deciding the question raised by the bill under the act, but because of the shortness of time we agreed to hear it, after notice to the Secretary of the Commonwealth and the Attorney General, on August 7th. Because of the time limit fixed in the statute for the Secretary of the Commonwealth to perform the duties incumbent upon her with reference to certification of candidates for election purposes, we heard argument without the necessity of filing the preliminary objections to the bill.

The admitted facts are that on July 21, 1941, plaintiff filed nomination petitions for the office of Judge of the Court of Common Pleas in the Thirty-second Judicial District, comprising Delaware County, for the primary election to be held September 9, 1941. July 26, 1941, was the last day for filing withdrawals. On August 4, 1941, plaintiff presented such a withdrawal to the Secretary of the Commonwealth.

On July 25, 1941, plaintiff executed and acknowledged, upon the form obtained from the office of the Secretary of the Commonwealth, a petition to withdraw his name as candidate for the office above referred to, and deposited such withdrawal in an envelope addressed to the Secretary of the Commonwealth, Bureau of Elections, Harrisburg, Pa., in the mail box located

on the first floor of the court house in Media at 2:45 p.m. (d. s. t.), Friday, July 25, 1941. Plaintiff was advised that his petition has not been received by the Secretary of the Commonwealth either by mail or otherwise. At the hearing in this case plaintiff offered evidence to show that under ordinary circumstances mail so deposited in the post office box in the court house in Media, Pa., would have reached the post office box in Harrisburg, into which the mail for the Secretary of the Commonwealth was deposited, in approximately six hours. As we view the case, however, that evidence is immaterial.

Section 914 of the Act of June 3, 1937, P. L. 1333, 25 PS §2874, provides in part:

"Any of the candidates for nomination or election at any primary may withdraw his name as a candidate by a request in writing, signed by him and acknowledged before an officer empowered to administer oaths, and filed in the office in which his nomination petition was filed. Such withdrawals, to be effective, must be received in the office of the Secretary of the Commonwealth not later than 5 o'clock P. M. on the fifth day next succeeding the last day for filing nomination petitions in said office, . . ."

Under section 19 of the Act of July 12, 1913, P. L. 719, as amended by section 2 of the Act of April 29, 1925, P. L. 361, we held, in Zak's Nomination, 31 Dauph. 339, and in Wolfe's Nomination, 31 Dauph. 343, that if the withdrawal of a nomination petition was actually made, "even though it did not reach the office of the Secretary of the Commonwealth by that hour [fixed in the statute]," it was effective.

It is a settled rule of construction that in legislating upon a subject the legislature must be presumed to know the prior law and the construction which the courts have placed upon it. When the legislature in 1937 provided, by the language above quoted, "such

withdrawals, to be effective, must be received in the office of the Secretary of the Commonwealth not later than 5 o'clock P. M." of the day fixed by statute, it is presumed to have known of the liberal construction we put upon the former statute. It has used language concerning which there can be no doubt and which does not lend itself to any liberality of construction. When it has said that the "withdrawals must be received in the office of the Secretary of the Commonwealth" we are not at liberty to fritter away that language by construction.

In Orlosky v. Haskell, 304 Pa. 57, 62, Mr. Justice Maxey, writing the opinion of the court, said:

"There are certain canons of construction of statutes expressed as follows: 'The legislature must be intended to mean what it has plainly expressed, . . . It matters not, in such a case, what the consequences may be. . . . Where, by the use of clear and unequivocal language, capable of only one meaning, anything is enacted by the legislature, it must be enforced, even though it be absurd or mischievous. If the words go beyond what was probably the intention, effect must nevertheless be given to them. . . . Its [the court's] duty is not to make the law reasonable, but to expound it as it stands, according to the real sense of the words': Endlich's Interpretation of Statutes, section 4, citing cases."

It is apparent, therefore, there is no room for construction of the statute in this situation.

It is argued that because plaintiff used the United States mails in plenty of time for the withdrawal to reach the Secretary of the Commonwealth's office in the due course of the movement of the mails he did all that was required of him. We cannot adopt this view. He could have delivered the withdrawal in person or by messenger, but he chose to make the postal service his agent. It is argued that there is no evidence as to where the letter was lost or mislaid, and that the messenger

of the Secretary of the Commonwealth may have received it from the box in the post office in which the mail of the Secretary of the Commonwealth was placed. There is no evidence on it one way or the other. But the positive duty rested upon the person desiring to withdraw to see that the withdrawal "was received in the office" to become effective. In order to place any responsibility for the loss of the withdrawal upon the Secretary of the Commonwealth, the burden would be upon plaintiff to show that the agency which he selected, to wit, the postal system, delivered the withdrawal notice to the agent of the Secretary of the Commonwealth. In the absence of any such proof the burden still rests upon plaintiff. He has failed to meet it. And in any view that we can take of this matter, after having heard the argument of counsel, we are constrained to hold that plaintiff has no equitable relief. For that reason we have previously made the following order:

### Order

"We think the language of the Act of 1937 is clear, and that any withdrawal which is not received within the time fixed by the statute be effective. For this reason the bill must be dismissed.

"And now, August 7, 1941, after hearing and argument it is ordered, adjudged, and decreed that the bill in this case be dismissed at the cost of plaintiff. Reasons therefor to be subsequently filed."