## Commonwealth v. McQuaid

*Lewis Kunkel*, assistant district attorney, and *Carl B. Shelley*, district attorney, for Commonwealth.

*Samuel Handler*, for defendant.

HARGEST, P. J., July 13, 1942.—This matter comes before us upon a petition to quash a search warrant.

It appears that an information was made, upon which the search warrant was obtained on April 25, 1942, to search premises 1256 Market Street, in the City of Harrisburg, for gambling devices. The warrant was executed one hour after midnight, namely, at 1 a.m., Sunday, April 26, 1942. The premises consisted of a room in the rear of a storeroom, and it is stipulated

that "there was no noise audible to any one outside the closed door of the room where the said gambling devices were seized."

The Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1, provides that no person shall serve any warrant upon the first day of the week "except in cases of treason, felony, or breach of the peace . . ."

This is the third time that we have had occasion to write an opinion declaring that, in the absence of a breach of the peace, the service of such a warrant is illegal and void. The words "breach of the peace" mean a breach of the public peace.

In the case of Commonwealth v. Fannasy, 44 Dauph. 301, we had occasion to refer to the case of Commonwealth v. Sherman et al., 14 D. & C. 4, in which the same question was before Judge Lewis of the Court of Quarter Sessions of Philadelphia. Judge Lewis, after reviewing the authorities, in a convincing opinion, held that a situation such as the one before us does not come within the term "breach of the peace".

In the Fannasy case we said (p. 303) :

" 'Breaches of the peace generally manifest themselves by some outward, visible, audible, or violent demonstration; not from quiet, orderly, and peaceable acts secretly done, though such acts may be mala prohibita.' 8 R. C. L. 285, Sec. 306."

In the case of Commonwealth v. Russel et al., 44 D. & C. 474, we called attention to the fact that the Act of 1705 was one of the earliest of the Blue Laws. Its title is "An act to restrain people from labour on the first day of the week." It was intended to preserve the sanctity of the Sabbath. Even if it was appropriate to the conditions at the time of its passage, and may not be appropriate to the conditions now existing, it nevertheless remains the law.

As we said in Commonwealth v. Russel et al., supra (p. 476) : "A judge is bound by the law as he finds it. It would be little less than judicial tyranny for a judge

to refuse to enforce a law because he did not like it." To do less would be a violation of his judicial oath. The slogan "The end justifies the means" should have no place in the conduct of American Government, and certainly not in our judicial processes.

In the case of Commonwealth v. Teamann, 1 Phila. 460, to which we referred in both the Fannasy and Russel cases, supra, it is said (p. 462) :

"It is the duty of courts to uphold the institutions and laws under which our liberties have grown and prospered. . . . Those who consider them insufficient, should, instead of disregarding them, endeavor to have them amended to suit the exigencies of the times . . ."

In Orlosky v. Haskell, 304 Pa. 57, 62, Justice Maxey said :

" '. . . Where, by the use of clear and unequivocal language, capable of only one meaning, anything is enacted by the legislature, it must be enforced, even though it be absurd or mischievous. . . . Its [the court's] duty is not to make the law reasonable, but to expound it as it stands, according to the real sense of the words.' "

The able opinion of Judge Lewis, in Commonwealth v. Sherman et al., supra, was rendered in 1930. Our case of Commonwealth v. Fannasy, supra, was decided in 1937. But there has been no amendment of the statute to authorize the service of a warrant on Sunday where no actual breach of the peace has been made or threatened, and it may be timely to suggest that, instead of disregarding the law as it is written in the statute and declared by the courts, there should be an effort to have it amended to suit the exigencies of the present time.

For these reasons the petition to quash the indictment must prevail.

And now, July 13, 1942, the petition to quash the indictment is sustained, and all proceedings based thereon are declared invalid.