## Steva et al. v. Mitchell

*James G. Hanes, Bryan, Joslin & Bryan,* for plaintiffs.

*Marsh, Spaeder, Bauer & Spaeder,* for defendant.

EVANS, P. J., November 6, 1951.—This matter is before the court on preliminary objections to a bill of complaint. Action was brought under the provisions of the Act of June 24, 1939, P. L. 872, sec. 935, 18 PS §4935, to recover damages for the cutting down and removal of trees between the dates of October 1, 1950, and June 1, 1951, from the property of plaintiffs by defendant, his servants or employes. Defendant is a resident of and was served in Erie County, Pa.

The first contention is that the premises where the alleged acts of defendant took place are in Crawford County, Pa., and that this action therefore must be brought in that county.

At common law most actions were local and triable only where the cause of action arose. The early Pennsylvania cases cited by defendant naturally reflect consideration of this fact. This general rule, however, has been relaxed to a considerable extent both by legislative enactments and judicial decisions.

The Act of May 1, 1933, P. L. 208, 17 PS §262, provides that the several courts of common pleas shall have jurisdiction of actions to recover damages for injuries to lands situate without the Commonwealth. The court in Orlosky v. Haskell, 304 Pa. 57, in discussing six motor vehicle codes dating from 1903 to 1929 holds that the provisions of these acts relating to the forum in which may be litigated actions for damages to persons and property are matters of procedure. Specifically from page 64 of that opinion we quote:

"There is no reason why individuals injured in their person should not have equal *procedural* privileges

with those injured in their property." (Italics supplied.)

In Cohn v. Weiss et ux., 356 Pa. 78, a bill in equity was brought for specific performance of a contract to convey real estate located in Atlantic City, N. J. The reasoning in support of the court's awarding the decree sought seems applicable here. There it was said:

". . . in this case the location of the real estate involved is of no materiality. The defendant is properly before the court and must be submissive to its lawful decrees. When a court acts in *personam*, as the court does in the present instance, it is not restricted by geographical boundary lines."

Here the remedy sought is judgment for money damages and the location of the real estate involved in the litigation is immaterial.

In Standard Oil Company of Pennsylvania v. Munday et al., 150 Pa. Superior Ct. 499, 501, the court held:

"Statutes regarding venue—and the Rules of Civil Procedure have the effect of statutory enactment (Act of June 21, 1937, P. L. 1982)—deal only with jurisdiction over the person."

Rule 1006($a$), applicable to actions in assumpsit, provides:

"Except as otherwise provided by subdivision (b) of this rule, an action against an individual may be brought in and only in a county in which he may be served."

Subdivision (b) is conceded to be inapplicable here.

Rule 1042, applying to actions of trespass, provides:

"The action may be brought in a county in which an action of assumpsit may be brought or as provided by an Act of Assembly."

Both of these rules pertaining to venue were adopted June 25, 1946, and effective as of January 1, 1947.

The case of Albo v. Jones & Laughlin Steel Corp., 70 D. & C. 125, cited by defendant, comes within the classification of cases covered by rule 1006, sec. (b), and rule 2179, applicable where a corporation is defendant. These facts do not here exist.

In our opinion defendant's objection to venue must be overruled.

Further objection is made that plaintiffs' premises are not described by metes and bounds. The description is taken from the record of title and, as is usual in descriptions of farm property, locates boundaries by reference to adjoining properties on all sides. This is sufficient.

The complaint avers that three plaintiffs were owners of the premises involved, and specification of the proportionate ownership in each is asked. That is a matter of particular concern to plaintiffs only, in case a verdict and judgment is secured. Satisfaction of any judgment by them will discharge defendant of his liability.

Averment that the acts complained of were done unlawfully, wilfully, and/or negligently, is sufficient. The amount of recovery under the act will depend on a finding of fact in these respects, but it is not necessary that in the complaint plaintiffs should aver and rely exclusively on one of these charges.

Defendant asks that the exact number of trees and the number of board feet in each be specifically averred. The complaint sets forth 12 varieties of trees cut down, with the number of board feet in each variety, and the value thereof at the time of the alleged cutting and removal. In our opinion this is sufficient.

## Order

Now, to wit, November 6, 1951, the preliminary objections are overruled and discharged, and defendant required to answer the complaint on its merits within 15 days.