Richard J. DONNELLY, Jr., MaryBeth
Donnelly and Marci Gohn,
Appellants

v.

YORK COUNTY BOARD OF
ASSESSMENT APPEALS.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 22, 2009.
Decided July 2, 2009.

Bernadette M. Hohenadel, Columbia, for
appellants.

William T. Hast, York, for appellee.

BEFORE: SMITH–RIBNER, Judge,
and LEAVITT, Judge, and McCLOSKEY,
Senior Judge.

OPINION BY Judge LEAVITT.

Richard J. Donnelly, Jr., and MaryBeth Donnelly, husband and wife, and Marci Gohn, their daughter, (collectively, Landowners) appeal an order of the Court of Common Pleas of York County (trial court) imposing roll-back taxes under the Pennsylvania Farmland and Forest Land Assessment Act of 1974,[1] commonly known as the "Clean and Green Act" (Act). Landowners assert that the Act's provisions relating to roll-back taxes are unconstitutionally vague. Finding no merit to this position, we affirm the imposition of roll-back taxes imposed on Landowners as a result of their decision to split two acres of land from the tract that had enjoyed a "clean and green" preferential assessment for many years.

The facts of this case are not in dispute. Richard J. Donnelly and MaryBeth Donnelly own a tract of land of 32.733 acres, identified by the York County Tax Assessment Office as Tract 31–KL–35, that had been granted a preferential assessment in accordance with the Act. On October 19, 2006, the Donnellys conveyed two acres of Tract 31–KL–35 to their daughter, Gohn, who lives in a house on the two-acre parcel. Gohn's two-acre tract is not eligible for a preferential assessment, but the remainder of the Donnellys' land continues to enjoy a preferential assessment.

On November 16, 2006, the Donnellys were notified by the York County Tax Assessment Office that the two acres split off and transferred to Gohn were not entitled to preferential tax treatment, and, therefore, seven years of roll-back taxes would be imposed on the Donnellys' 32.733

acre tract of land. The amount of roll-back taxes was computed to be $4,675.41. Landowners appealed to the York County Board of Assessment Appeals, and it upheld the imposition and amount of the roll-back taxes upon the Donnellys and Gohn. The trial court upheld the Board's decision, and the present appeal followed.

■ On appeal, Landowners contend that the trial court erred in concluding that any roll-back taxes were owing in their circumstances. They contend there are ambiguities and contradictions in Section 6(a.1) of the Act, 72 P.S. § 5490.6(a.1), rendering the statute impermissibly vague and, thus, unenforceable.

We begin with a review of Section 6(a.1) of the Act, which provides, in relevant part, as follows:

> (a.1)(1) The split-off of a part of land which is subject to preferential assessment under *this act shall subject the land so split off and the entire tract* from which the land was split off *to roll-back taxes* as set forth in section 5.1.[2] The landowner changing the use of the land to one inconsistent with this act shall be liable for payment of roll-back taxes. *The landowner of land which continues to be eligible for preferential assessment shall not be liable for any roll-back taxes* triggered as a result of a change to an ineligible use by the owner of the split-off tract. Roll-back taxes under section 5.1 shall not be due if one of the following provisions applies:
>
> (i) The tract split off does not exceed two acres annually, except that a maximum of the minimum residential lot

---

1. Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §§ 5490.1–5490.13.

2. A "split-off" is defined to be a
 division, by conveyance or other action of the owner, of lands devoted to agricultural use, agricultural reserve or forest reserve

and preferentially assessed under the provisions of this act into two or more tracts of land, the use of which on one or more of such tracts does not meet the requirements of section 3.
72 P.S. § 5490.2

size requirement annually may be split off if the property is situated in a local government unit which requires a minimum residential lot size of two to three acres; *the tract split off is used only for agricultural use, agricultural reserve or forest reserve or for the construction of a residential dwelling to be occupied by the person to whom the land is conveyed;* and the total tract or tracts so split off do not exceed the lesser of ten acres or ten percent (10%) of the entire tract subject to preferential assessment.

\* \* \*

(2) Each tract which has been split off under paragraph (1)(i) shall be subject to roll-back taxes for such a period of time as provided in section 5.1. *The landowner changing the use of the land shall be liable* for payment of roll-back taxes.[3]

72 P.S. § 5490.6(a.1) (emphasis added). Landowners assert that Section 6(a.1) contains contradictions that make it impossible to impose roll-back taxes on either the Donnellys or on Gohn.

The purported contradiction lies between the first sentence of Section 6(a.1)(1), which states that both the split-off tract and entire tract are subject to roll-back taxes, and the third sentence of Section 6(a.1), which provides that in some circumstances only the owner of the split-off tract can be held responsible for the roll-back taxes. These so-called inconsistencies, Landowners contend, have rendered Section 6(a.1)(1) unconstitutionally vague. Alternatively, they argue that Gohn's two-acre split-off parcel is entitled to a preferential assessment by reason of Subsection (i) of Section 6(a.1)(1). Subsection(i) provides that roll-back taxes are not due if the split-off parcel satisfies several criteria, and Gohn's parcel satisfies all of them.

The Board responds that Landowners' claims must be denied under 6(a.1)(2) of the Act. That provision states, as plainly as possible, that the owner of a split-off parcel, even one used in a way that satisfies Subsection (i), must pay the roll-back taxes. Landowners, the Board argues, read Section 6(a.1)(2) out of the Act.

This appeal raises a question of statutory construction.[4] As in any statutory construction issue, the goal is to "ascertain and effectuate the intention of the General Assembly" and "to give effect to all its provisions." 1 Pa.C.S. § 1921(a). Stated otherwise, no provision should be treated as surplusage. *St. Joseph Lead Co. v. Potter Township,* 398 Pa. 361, 368–369, 157 A.2d 638, 642 (1959). Individual statutory provisions must be construed with reference to the entire statute of which they are a part, and the entire statute is presumed to be certain and effective, not superfluous and without import. *Ieropoli v. AC & S*

---

**3.** Section 5.1 of the Act limits the payment of roll-back taxes to the seven years prior to the split-off; it states:

> If a landowner changes the use of any tract of land subject to preferential assessment under this act to one which is inconsistent with the provisions of section 3 or for any other reason the land is removed from a land use category under section 3, except for a condemnation of the land, the land so removed and the entire tract of which it was a part shall be subject to roll-back taxes plus interest on each year's roll-back

tax at the rate of six percent (6%) per annum. After the first seven years of preferential assessment, the roll-back tax shall apply to the seven most recent tax years.

Added by the Act of December 21, 1998, P.L. 1225, 72 P.S. § 5490.5a.

**4.** Where the question is one of statutory construction this Court's review is plenary as it poses a pure issue of law. *Frank Bryan, Inc. v. Workers' Compensation Appeal Board (Bryan, Dec.d.),* 921 A.2d 546, 549 n. 4 (Pa. Cmwlth.2007).

*Corp.,* 577 Pa. 138, 154, 842 A.2d 919, 929 (2004). Under these principles, Landowners' construction of Section 6(a.1)(1)(i) must be rejected.

The first sentence of Section 6(a.1)(1) explains how roll-back taxes are calculated. It establishes that both the split-off land and remaining tract are subject to roll-back taxes. Stated otherwise, the roll-back taxes are calculated on the basis of the "split off and the entire tract" of land. Section 6(a.1)(1), 72 P.S. § 5490.6(a.1)(1). The remainder of Section 6(a.1)(1) identifies which landowner will be required to pay these roll-back taxes.

The owner of land with a preferential assessment (tract owner) will *not* be the party responsible for the actual payment of these roll-back taxes in certain circumstances. The tract owner will be exempt where two conditions are met. First, it must be the owner of the split-off parcel, not the tract owner, that has changed the use of the split-off parcel to a use other than agricultural use, agricultural reserve or forest reserve. Second, the tract owner must not create more than one two-acre split-off parcel per year; must not create a split-off larger than 10 percent of the entire tract; and any split-off created by the tract owner must be used for residential, agricultural or forest reserve use. This second set of conditions is found in Subsection (i) of Section 6(a.1)(1). If the tract owner satisfies the two sets of conditions in Section 6(a.1)(1), then it cannot be required to pay the roll-back taxes. If it does not satisfy them, then the tract owner, as well as the owner of the split-off parcel, can be required to pay the roll-back taxes.

Landowners read Subsection (i) to mean that *neither* the tract owner nor the owner of the split-off have to pay the roll-back taxes if the conditions in Subsection (i) are met. Here, Gohn is using her two-acre parcel as a residence, it is not larger than 10 percent of the original tract, and the Donnellys did not create more than one split-off in 2006. Accordingly, Landowners argue that roll-back taxes are not owed either by the Donnellys or by Gohn. There are problems with this proffered construction of Subsection (i) of Section 6(a.1)(1).

■ Under the rules of statutory construction, "a proviso is deemed to apply only to the immediate preceding clause or provision." *Orlosky v. Haskell* 304 Pa. 57, 62, 155 A. 112, 113 (1931).[5] In this instance, the proviso is found in Subsection (i). This proviso modifies the preceding sentence in Section 6(a.1)(1), which addresses the circumstances where the tract owner will not be the party upon whom roll-back taxes will be imposed. Stated otherwise, it is implicit that Subsection (i) applies only when determining whether the tract owner can be forced to pay the roll-back taxes.

■ In any case, Landowners' theory that no roll-back taxes are owed here ignores other language in Section 6(a.1). Specifically, Section 6(a.1)(2) states that "each tract which has been split off under paragraph (1)(i) *shall be subject to roll-back taxes*" and that the landowner "changing the use of the land shall be liable...." 72 P.S. § 5490.6(a.1)(2) (emphasis added). This targets Gohn's tract, and places the tax burden on her, assuming she is the one responsible for the change in the property's use. Landowners

5. While not employing the express word, "provided," the sentence preceding Subsection (i) functions as a proviso. The natural and appropriate use of a proviso is to restrain or qualify some preceding matter, 1 Pa.C.S. § 1924, and it is generally confined to that which precedes it, unless it is clear that it was intended to apply to a subsequent matter. *Orlosky,* 304 Pa. at 62, 155 A. at 113.

**1230**

would simply read Section 6(a.1)(2) out of existence, which violates the principle that no provision of a statute is surplusage. *See* 1 Pa.C.S. § 1921(a).

Third, Landowners' argument is inconsistent with this Court's decision in *Close v. Berks County Board of Assessment Appeals,* 839 A.2d 462 (Pa.Cmwlth.2003). In *Close,* this Court held that Section 6(a.1) imposed roll-back taxes where a split-off parcel had been conveyed to a third party, even though the use of the split-off parcel satisfied the criteria in Section 6(a.1)(1)(i) of the Act, which is the situation here. Thus, *Close* is dispositive.[6]

If Section 6(a.1)(2) had not been included in the statute, Landowners theory that Subsection (i) is ambiguous might have traction. However, Section 6(a.1)(2) eliminates any possible ambiguity. It may be Gohn alone, not the Donnellys, who is responsible for the roll-back taxes caused by the split-off because she appears to be the landowner responsible for the change in use and because her use satisfies the criteria in Subsection (i). However, the Donnellys did not challenge the order to pay roll-back taxes on this basis. Accordingly, the order of the trial court will be affirmed.

### ORDER

AND NOW, this 2nd day of July, 2009, the order of the Court of Common Pleas of York County dated May 2, 2008, in the above-captioned matter is hereby AFFIRMED.

---

**6.** *See also In re Appeal of Martin,* 830 A.2d 616 (Pa.Cmwlth.2003) (holding that roll-back taxes are calculated on the basis of the entire tract from which the split-off parcel was created); *Moyer v. Berks County Board of Assessment Appeals,* 803 A.2d 833 (Pa.Cmwlth.2002) (distinguishing between a "separation" and a "split-off" for purposes of the Clean and Green Act).