Cited in 10 S. & R. 229.

# Naomi Donaldson *against* John Maginnes.

Justice of peace has no jurisdiction in assault and battery for damages under the act of 1st March 1799, revived by the act of 2d January 1804.
Husband must be joined in suits brought for an injury done to the wife.

CERTIORARI to Ebenezer Ferguson, esq., one of the justices of the peace of Philadelphia county.

It appeared by the return, that a warrant, dated 19th June 1804, had been issued in a plea of damages not exceeding $20. The complaint was for beating the woman in a violent manner. The parties appeared before the justice : the plaintiff agreed to submit the damages to referees, and chose her man. The defendant refused to make any choice, whereupon the justice chose two others to decide between the parties. He also appointed the time and place of hearing ; and the referees having met on the 22d June, proceeded to hear the plaintiff and her witnesses in *the absence of the defendant, awarded to *128] the plaintiff $19 damages and half of the costs ! Judgment *inde.*

[Wells's ex'r *v.* Cooper's adm'rs.]

Mr. Browne for the defendant, filed the following exceptions to the record: 1st. That the suit was instituted to recover damages for assault and battery, when the justice had no jurisdiction, and it was not cognizable before him. 2d. That the plaintiff was a married woman, when the suit was brought, being the wife of Donaldson, whose name is not mentioned in the process.

BY THE COURT. Unquestionably the justice had no jurisdiction. The act of assembly of 1st March 1799, in the 4th section excepts civil actions for damages in personal assault and battery, from the powers of justices of the peace. 4 St. Laws, 353. This act which was temporary, was afterwards made perpetual, by a law constitutionally enacted by two thirds of the house of representatives and of the senate, on the 2d January 1804, so that it was in full force when the warrant issued. 6 St. Laws, 3.

The last exception, which has been properly verified by affidavit, as a plea in abatement, is also fatal. The husband must be joined in suits brought for injuries done to his wife, by the rules of law. The process was irregular, and being *coram non judice*, the whole is void and must be reversed.