## Minogue, Appellant, v. Ashland Borough.

*Justice of the peace—Trespass—Appeals—Acts of March 20, 1810, 5 Sm. L. 161, and March 22, 1814, 6 Sm. L. 182.*

An appeal does not lie from the judgment of the court of common pleas reversing the judgment of a justice of the peace in an action of trespass.

Argued Dec. 8, 1904. Appeal, No. 212, Oct. T., 1904, by plaintiff, from judgment of C. P. Schuylkill Co., reversing judgment of a justice of the peace in case of James F. Minogue v. Ashland Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Certiorari to justice of the peace in an action of trespass. The opinion of the Superior Court states the case.

*Error assigned* was in reversing the judgment of the justice of the peace.

*James F. Minogue*, with him *W. G. Treibly*, for appellant.

*C. O. Burkert*, for appellee.

PER CURIAM, March 14, 1905 :

Section 4 of the act of March 22, 1814, 6 Sm. L. 182, which conferred upon justices of the peace jurisdiction in actions of trespass and trover provided that the " process, return thereof, notices, awards, judgments, and appeals, and the proceedings of justices, constables, referees, and courts, and every proceeding necessary to carry this act into effect, which is not herein specifically provided for, shall be made and done, under and according to the provisions and regulations in similar cases, contained in the Act " of March 20, 1810, 5 Sm. L. 161.   In Clark v. McKisson, 6 S. & R. 87, Chief Justice GIBSON said, that " the provision relative to the courts is satisfied by, and must be understood to refer to, causes which come into the court by appeal or on certiorari, and not to those that never were commenced or prosecuted under the act at all."   Therefore, the section, so far as it relates to actions of trespass and trover, is to be read as if there were incorporated in it the provisions of the act of 1810, namely, that the judgment of the court of common pleas shall be final in all proceedings removed on certiorari by said court and that no writ of error shall issue thereon.   The law in this particular was not changed by the act of 1889 giving the name appeal to all appellate proceedings, nor by the act of 1895 establishing the Superior Court and defining its jurisdiction : Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547 and cases there cited.   As early as 1815 it was decided that a writ of error did not lie to the judgment of the common pleas reversing the judgment of a justice of the peace in an action of trespass : Cozens v. Dewees, 2 S. & R. 112.   This is precisely the kind of a case we have before us, and, therefore, the decision is directly in point.   It follows that the motion to quash the appeal must prevail.

Appeal quashed.