# Garrett *v.* Turner, Appellant.

*Practice, C. P.—Sheriff's return—Service—Setting aside service—Evidence.*

1. A sheriff's return of service on an adult member of defendant's family cannot be set aside on evidence aliunde, that the service was made on the daughter of defendant, who was only nineteen years of age.

*Constitutional law—Special legislation—Automobiles—Service outside of county—Act of April 27, 1909, P. L. 265.*

2. The Act of April 27, 1909, P. L. 265, relating to motor vehicles and providing that in actions for damages against the owners of such, service may be had in another county than that where the accident occurred, is constitutional and does not violate art. III, sec. 7, of the constitution of Pennsylvania, which provides that the General Assembly shall not pass any local or special law "regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts."

3. The negligent operator of an automobile has a manifest advantage over the driver of a horse, in avoiding service of process within the county where his negligence has caused an injury and the party injured is at a corresponding disadvantage in obtaining redress. It is on this difference that the discrimination in the Act of April 27, 1909, P. L. 265, with regard to service of process is founded, and it is a fair and constitutional basis for the legislative discretion.

Argued, Dec. 9, 1910. Appeal, No. 233, Oct. T., 1910, by defendant, from judgment of C. P. Montgomery Co.,

Oct. T., 1910, No. 149, on verdict for plaintiff in case of Harvey Garrett v. Thomas Turner. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries and for injuries to an automobile. Before WEAND, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $142.25. Defendant appealed.

*Errors assigned* among others were in refusing to set aside service of the writ, statement of claim and rule to plead, and in refusing motion of defendant for judgment n. o. v.

*J. Ambler Williams*, with him *J. O. Eberhard, Jr.*, for appellant.—The service of the writ should have been set aside.

The twenty-fourth section of the Act of 1909, P. L. 265, is special legislation: Vulcanite Portland Cement Company v. Allison, 220 Pa. 382; Tennessee Producers' Marble Co. v. Grant, 14 Pa. Dist. Rep. 453; Jenkins v. Davis, 18 Pa. Dist. Rep. 928; Wheeler v. Philadelphia, 77 Pa. 338; Juniata Limestone Co. v. Fagley, 187 Pa. 193; Weinman v. Ry. Co., 118 Pa. 192; Com. v. Mintz, 19 Pa. Superior Ct. 283; Com. v. Beatty, 15 Pa. Superior Ct. 5; Com. v. Moore, 2 Pa. Superior Ct. 162; In re Automobile Acts, 15 Pa. Dist. Rep. 83; Com. v. Brinton, 132 Pa. 69; Clark's Est., 195 Pa. 520; Com. v. Cucovic, 16 Pa. Dist. Rep. 1020; Barrett's App., 116 Pa. 486; Titusville Iron Works v. Oil Co., 122 Pa. 627.

Service of writ upon minor child of defendant was improper and illegal.

A defective return by a sheriff may be inquired into and contradicted: O'Brien v. Bartlett, 12 Pa. Dist. Rep. 746; Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453; Bailey v. R. R. Co., 174 Pa. 114; Hagerman v. Empire

Slate Co., 97 Pa. 534; Lyons v. Mann, 14 Pa. Dist. Rep. 104.

*Samuel H. High*, with him *John Faber Miller*, for appellee.—A service that is full and explicit on its face, setting forth all that the act of assembly regulating it requires, cannot be attacked or set aside and is conclusive on the parties: Park Brothers & Co. v. Oil City Boiler Works, 204 Pa. 453; Ben. Franklin Coal Co. v. Penna. Water Co., 25 Pa. Superior Ct. 628.

The legislature has a right to classify its people by placing all those who use, own, or operate automobiles in one class and legislate specially for them, so long as the law applies to all within the class and affects all alike: Read v. Clearfield County, 12 Pa. Superior Ct. 419; Com. v. Fisher, 213 Pa. 48; Com. v. Finn, 11 Pa. Superior Ct. 620; Keiser v. Eberly, 226 Pa. 21.

OPINION BY PORTER, J., July 13, 1911:

The plaintiff brought this action to recover damages for injuries to his person and property alleged to have been caused by the negligence of the defendant in driving his motor vehicle on the York road, a public highway in Montgomery county. The action was brought in Montgomery county, in which the damages were sustained; and the sheriff of that county deputized the sheriff of Philadelphia county, wherein the defendant resides, to serve the writ of summons, and the sheriff of the latter county made a return of service which is in all respects regular. The defendant moved to set aside the service upon the ground that the "return is incorrect in that the person to whom the aforesaid summons and statement were handed, was not an adult member of the family of the aforesaid defendant, nor did the said copy of the statement have indorsed thereon a rule to plead. That, therefore, the summons and statement have not been served upon the said defendant in accordance with the provisions of the act of assembly for such case made and provided." The court granted a rule to show cause why the service of the sum-

mons and statement should not be set aside. The defendant, this appellant, in support of this motion to set aside the service of the summons took testimony tending to establish that his daughter, to whom the summons was handed at his place of residence, was only nineteen years of age, thus contradicting the return of the sheriff that the service had been made on an adult member of his family. The question whether the rule to plead was properly served is entirely distinct from that of the service of the summons and has been eliminated from the case by the act of the defendant in pleading without any rule having been taken upon him to do so. The court, after argument, overruled the motion to set aside the service of the summons and statement of claim, and the first four specifications allege error in this action. The only ground for setting aside the service of the summons and statement suggested in the court below was that the return of the sheriff that they had been served on an adult member of the family of defendant at his residence was untrue, in that the member of the family to whom the summons and statement were delivered was not an adult. The return was good on its face and it ought not to have been set aside upon evidence aliunde, tending to establish that it was not true: Park Bros. & Co., Limited, v. Oil City Boiler Works, 204 Pa. 453; Ben. Franklin Coal Co., Limited, v. Pennsylvania Water Co., 25 Pa. Superior Ct. 628. This having been the only question raised by the appellant in the court below, and he having gone to trial upon the merits, the first four specifications of error might properly be dismissed upon this ground.

The appellant now contends that the twenty-fourth section of the Act of April 27, 1909, P. L. 265, entitled "An act relating to motor vehicles," etc., under the provisions of which the sheriff of Montgomery county, where the damages were sustained, deputized the sheriff of Philadelphia county, where the defendant resided, to serve the process in this proceeding, offends against that paragraph of art. III, sec. 7, of the constitution of Pennsylvania

which provides that the general assembly shall not pass any local or special law; "regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts," etc.; and that, therefore, there was no authority for the service of this summons in Philadelphia county.   The twenty-fourth section of the Act of 1909, P. L. 265, provides that: "All civil actions for damages arising from the use and operation of any motor vehicle, as aforesaid, may be brought in the city or county in which the alleged damages are sustained; and service of process may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant in the suit or his registered agent resides, or where service may be had upon him, under the existing laws of this commonwealth, in like manner as process may now be served in the proper county."

This section of the statute does not confer upon any court jurisdiction of any cause of action which it did not already possess, nor does it take from any court any jurisdiction with which it was already vested.   The actions to which it relates are those "for damages arising from the use and operation of any motor vehicle, as aforesaid." The preceding sections of the statute had provided for the registration of motor vehicles, prohibited their operation upon any public street or highway in the commonwealth until so registered, had provided regulations as to the manner of their use on the public roads, had taken away from the local authorities all power to ordain regulations inconsistent with the provisions of this statute, and had made it unlawful for such local authorities to exclude such motor vehicles from any "public road open to horse-drawn vehicles."   "The use and operation of any motor vehicle, as aforesaid," referred to in the twenty-fourth section, is the use authorized by the preceding sections of the statute; that is, of every public road in the commonwealth, by duly registered motor vehicles.   This section of the statute applies to all civil actions for damages arising from the use and operation of motor vehicles upon

every highway in the state.  The courts of the county where such damages were sustained always had jurisdiction of actions of this character.  This section of the statute made no change in the jurisdiction of the courts; the only effect of the section, challenged by appellant, related to the service of the process outside of the county in which the action was brought, when the residence of the defendant was in another county.  This provision, as to the service of process, applies to the courts of all the counties of the state; it cannot, therefore, be said to be local. The contention of the appellant is that it is special, in that it imposes a peculiar burden upon owners of, motor vehicles, for the exclusive benefit of those who are injured by and have a right of action against them.  This section of the statute does not relate simply to actions for damages against the owners of motor vehicles; it applies to all who become liable, under existing laws, to answer in damages, because of the manner in which they use and operate a motor vehicle upon a public highway, whether they have owned, hired or borrowed the vehicle.  The owner or operator of a motor vehicle enjoys the benefit of this section of the statute with all other citizens, upon equal terms; if his motor vehicle is injured or he suffers personal hurt through the negligence, recklessness or intentional misconduct of one operating another motor vehicle, this section of the statute puts it in his power to have his right to damages determined within the jurisdiction where the injury was suffered.  The complaint of the appellant is that the recovery of damages for the negligent operation of a motor vehicle as well as for negligence in the management of horses upon a public highway must both be in an action of trespass, and that all the proceedings in such actions, including the manner of the service of the writ, should be precisely similar, in order to comply with the provision of the constitution.

The invention, development and use of the automobile introduced an entirely new element and revolutionized traffic upon all the highways of the state.  The operation

of these modern vehicles at exceedingly high rates of speed introduced a new element of danger for all those who enter upon the public highways. Negligence in the operation of motor vehicles involves great danger to the lives and property of others lawfully using the highways. In former times vehicles drawn by horses or oxen moved at a comparatively low rate of speed, and even in case of a runaway others upon the highway but infrequently had difficulty in avoiding injury or danger. When vehicles so drawn were negligently managed and injured the person or property of others there was usually but little difficulty in locating the person responsible for the injury. Such vehicles did not usually travel long distances, and the person responsible for the injury inflicted by them could usually be found somewhere within the region where the cause of action arose. The modern vehicle, driven by an engine, is capable of traversing the state from one end to the other within a single day. Such vehicles make journeys far distant from the residence of the person responsible for negligence in their operation, thus making it difficult for the person injured, in person or property, to even ascertain the identity of the person responsible for his injuries and still more difficult for him to obtain redress, in case he has to follow the negligent operator of the engine to some distant part of the state.

These considerations led, in the earlier years following the introduction of this class of traffic, to the adoption of stringent police regulations with regard to the running of motor vehicles on the highways of numerous municipalities of the commonwealth. Each municipality had its own code of regulations and the numerous codes greatly varied; some of the requirements were perhaps unreasonable. The operator of an automobile could form no idea from reading the rules of one municipality what new regulations he might have to observe when he crossed the line into the jurisdiction of some municipal neighbor. This was the condition of affairs when the legislature of the state assumed the duty, in the exercise of the supreme

police power with which it was invested, to establish uniform regulations with regard to this matter and limit the power of local authorities to the ordaining of regulations which were not inconsistent with the uniform code. The Act of April 27, 1909, P. L. 265, is the final expression of the legislative will upon this subject and supersedes all prior legislation inconsistent therewith. This statute regulates the use of all public highways within the commonwealth and, with regard to that use, constitutes as a distinct class all those who operate motor vehicles upon the public roads. Since the adoption of the new constitution the right of the legislature to properly classify subjects of legislation has been frequently declared and is now firmly established. "Legislation for a class distinguished from a general subject is not special but general, and classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition. If the distinctions are genuine the courts cannot declare the classification void, though they may not consider it to be on a sound basis. The test is, not wisdom, but good faith in the classification:" Seabolt v. Commissioners, 187 Pa. 318; Foster Township Road Tax, 32 Pa. Superior Ct. 51; Durkin v. Kingston Coal Co., 171 Pa. 193; Sugar Notch Borough, 192 Pa. 349; Com. v. Fisher, 213 Pa. 48; Com. v. Winkelman, 12 Pa. Superior Ct. 497. The constitutional requirement is that laws, upon the subjects designated by the section of the constitution in question, shall be general, not local or special, and uniformity of result is only one of the judicial tests applied to laws for the determination of their character as to generality. A law may by classification or otherwise produce some diversity of result, and yet be general, for where the classification is based on genuine distinctions, its expediency is for legislative determination: Stegmaier v. Jones, 203 Pa. 47.

The act of April 27, 1909, established a universal rule

which applies to all persons who operate motor vehicles upon any public highway within the commonwealth, and it is a general statute: Strine v. Foltz, 113 Pa. 349. The wide extent of country covered by the movement of a motor vehicle renders it much more probable that, when negligently operated, an accident may occur and an injury be inflicted in a county other than that in which the operator has his residence. The ease and rapidity with which the operator of a motor vehicle may vanish from the scene where he has inflicted an injury, renders it much more difficult for the party injured to call the wrongdoer to account in the county where the injury was inflicted and where the witnesses by whom the negligence of the defendant must be established reside, than is the case where an injury results from the negligent management of a horse-drawn carriage. The operator of a motor vehicle whose negligence has caused an injury on a public highway in a county other than that in which he has his place of residence may not only at the time quickly withdraw from the county where the injury has been inflicted, but the speed at which he is able to move along the roads would permit him to subsequently revisit that county at his pleasure, without any risk of being served with legal process while he is within its boundaries. The negligent operator of an automobile has thus a manifest advantage over the driver of a horse, in avoiding service of process within the county where his negligence has caused an injury and the party injured is at a corresponding disadvantage in obtaining redress. It is on this difference that the discrimination in the act of 1909, with regard to service of process, is founded, and it is a fair and constitutional basis for the legislative discretion: Kennedy v. Insurance Co., 165 Pa. 179; Clark's Estate, 195 Pa. 520. The first four specifications of error are dismissed.

The evidence produced by the plaintiff, if believed, was certainly sufficient to sustain a finding that the defendant had operated his motor vehicle negligently, upon the pub-

lic highway, and that the plaintiff had been injured in person and property as the direct result of such negligence. The defendant testified, as did his witnesses, in a manner which, if believed, entirely relieved him from all responsibility for the accident. The question thus presented was one not of law but of fact, that question was for the jury, and it would have been error for the court to have entered a judgment of nonsuit, or to have given binding instructions in favor of the defendant, or to have entered judgment in favor of the defendant non obstante veredicto. All the specifications of error are overruled.

The judgment is affirmed.