## Seig v. Campbell

W. *Hensel Brown*, for plaintiff; M. *Edna Hurst*, for defendant.

GROFF, P. J., February 27, 1932.—In this case the plaintiff brought suit before George F. Rathvon, an alderman in and for the City of Lancaster, to recover from the defendant, Norman Campbell, damages in the sum of $70.80, which damages plaintiff alleges were done when the automobile of the defendant collided with his automobile near Pequea, this county.

The record and the evidence in the case show that no receipted bill was produced before the alderman, as required by section 1208 of The Vehicle Code, as amended by the Act of June 22, 1931, P. L. 751, 812. This is an action of trespass vi et armis, and it is conceded by counsel on both sides that the alderman had jurisdiction of this action, provided the basis for the suit was properly laid.

Judge Porter, in the case of Garrett *v.* Turner, 47 Pa. Superior Ct. 128, 132, in passing upon the Act of April 27, 1909, P. L. 265, entitled "An act relating to motor vehicles," which act is similar to the one we are now construing, said:

"This section of the statute does not confer upon any court jurisdiction of any cause of action which it did not already possess, nor does it take from any court any jurisdiction with which it was already vested."

Again, at page 133 of the same opinion, he said:

"The courts of the county where such damages were sustained always had jurisdiction of actions of this character. This section of the statute made no change in the jurisdiction of the courts; . . ."

The Act of 1909 was amended until it became section 1208 of the Act approved May 1, 1929, P. L. 905, which was again amended by the Act of June 22, 1931, P. L. 751, 812, which reads:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent; . . ."
the amendment being the word "said" before the words "party making."

Mr. Justice Maxey, in construing section 1208 of the Act of 1929, of which the present act is an amendment, in Orlosky *v.* Haskell, 304 Pa. 57, 62, said (quoting Endlich on Interpretation of Statutes, Sec. 4):

"Where, by the use of clear and unequivocal language, capable of only one meaning, anything is enacted by the legislature, it must be enforced, even though it be absurd or mischievous. If the words go beyond what was probably the intention, effect must nevertheless be given to them. . . . Its [the

court's] duty is not to make the law reasonable, but to expound it as it stands, according to the real sense of the words."

And again, at page 66 of the same opinion, he says (quoting 25 R. C. L. 1018, Sec. 255):

"When the design of the legislature is not clearly apparent, it is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits."

The law confines the jurisdiction of aldermen, in all civil actions for damages, where the sum involved is not more than $100, to cases in which the plaintiff shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent.

The record in this case shows affirmatively, and the agreement of counsel, which was offered in evidence the same as if taken by depositions, shows clearly, that the repairs were not paid and that no receipted bill, sworn to by the party making the repairs, was produced to the alderman, as required by the act of assembly. The alderman, therefore, had no jurisdiction.

The writ is sustained and the proceeding before the alderman is set aside.

From George Ross Eshleman, Lancaster, Pa.