Knautt, Appellant, v. Massinger.

Argued December 12, 1934.

Before
TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ.

*John L. DuBois,* for appellant.

*Robert H. Grim,* of *Grim & Grim,* for appellee.

OPINION BY KELLER, J., February 1, 1935:

The question involved in this appeal is whether a justice of the peace has jurisdiction in an action of trespass *vi et armis* to recover damages for personal injuries to the plaintiff resulting from his being struck by an automobile driven by the defendant, where the amount claimed is less than $300.

A justice of the peace has only such jurisdiction in civil actions as is given him by statute: Murdy v. McCutcheon, 95 Pa. 436. If the jurisdiction is not expressly granted, he does not have it.

The Act of March 22, 1814, 6 Sm. L. 182, provided: "That justices of the peace......shall have jurisdiction of actions of ...... trespass brought for the recovery of damages for injury done or committed on

real or personal estate in all cases where the value of the property claimed or the damages alleged to have been sustained shall not exceed one hundred dollars''. Section 5 of the same act expressly excluded from the jurisdiction of justices ''actions for damages in personal assault and battery.''

If the statutory expression on the subject ended there we would agree with the learned court below that a justice of the peace does not have jurisdiction in actions of trespass for *personal injuries*. In construing the Act of March 1, 1799, 3 Sm. L. 354, which used language very similar to the Act of 1814, supra, Chief Justice TILGHMAN said in Masteller v. Trimbly, 6 Binney 33, 34: ''We are of opinion that the Act of 1st March, 1799, under which this suit was brought, did not give jurisdiction to justices of the peace, except in cases where damage arises by an actual and immediate injury done to *real or personal property*'' (italics supplied). And in construing Section IV of the Act of 1799, supra, which was almost the same as the fifth section of the Act of 1814, supra, the Supreme Court held in Donaldson v. Maginnes, 4 Yeates 127, that the exclusion of 'actions for damages in personal assault and battery' from the jurisdiction of the justice, prevented his taking cognizance of a civil action based on an assault and battery.

An action for damages for personal injuries to the plaintiff is not, in our opinion, an action brought for the recovery of damages for injury done or committed on *real or personal estate*. It may or may not be an action based on personal assault and battery, depending on whether the infliction of injury was wilful or so reckless as to be criminal, or not.

But the legislature on May 29, 1879 passed a statute entitled, in part, ''An Act to enlarge the jurisdiction of justices of the peace,'' which became a law without the signature of the Governor. See Pamphlet Laws,

1879, page 194. The first section of this Act provides as follows: "That the alderman, magistrates and justices of the peace, in this Commonwealth, shall have concurrent jurisdiction with the courts of common pleas of all actions arising from contract, either express or implied, and of all actions of trespass and of trover and conversion, wherein the sum demanded does not exceed three hundred dollars, except in cases of real contract where the title to lands or tenements may come in question, or action upon promise of marriage." In using the term 'actions of trespass' the act refers, of course, to actions of trespass *vi et armis* and *quare clausum fregit,* as distinguished from actions of trespass on the case, commonly referred to as 'actions on the case.' And the Act of May 25, 1887, P. L. 271, abolishing the distinction, as respects procedure, between actions of trespass, trover, and trespass on the case, did not have the effect of enlarging the jurisdiction of justices of the peace so as to extend it to actions on the case. But we see no reason for limiting the plain language of the Act of 1879 — '*all actions of trespass*' — so as to give it less effect than the words naturally mean. The act retains, in some measure, the exception from the jurisdiction of justices contained in the second proviso to the second section of the Act of 1814, relative to actions in which the title to lands comes in question; but contains no limitation that the actions of trespass over which the justice shall have jurisdiction shall be restricted to those brought for the recovery of damages for injury done or committed on real or personal estate, or excluding actions of trespass for personal assault and battery. We are aware of no compelling reason why the legislature should not remove those prior restrictions if it saw fit to do so.

We are of opinion, therefore, that since the Act of 1879, supra, a justice of the peace has jurisdiction in

all actions of trespass, where the injury is direct and immediate, (as opposed to consequential damages) wherein the sum demanded does not exceed three hundred dollars; and that this includes actions for the recovery of damages for direct and immediate injury done to the person of the plaintiff by the defendant in operating his automobile. Consequential damages, formerly recoverable in an action of trespass on the case, are still without the justice's jurisdiction.

The plaintiff's statement avers that while he was walking on a public highway, off the concrete paving, and close to the ditch at the side of the road, the defendant, operating an automobile owned by him, came into contact and collision with the plaintiff, by reason whereof the latter was violently knocked, thrown and jostled about, and seriously injured thereby, resulting in damages, to wit $268.

This makes out a case for which trespass *vi et armis* would lie, which was the form of action before the justice. The injuries were direct and immediate and were alleged to have been committed by the defendant personally, while operating his own automobile. In this respect it is within the decisions of the Supreme Court and this court in Strohl v. Levan, 39 Pa. 177; Phila. G. & N. R. Co. v. Wilt, 4 Whart. 143, 147; Lassock v. Bileski, 94 Pa. Superior Ct. 299, 302; Sprout v. Kirk, 80 Pa. Superior Ct. 514; Birkhead v. Ward, 35 Pa. Superior Ct. 235.

In the first-named case, which was an action of trespass to recover damages for injury to plaintiff by a collision between him and defendant on the public highway, the Supreme Court said, speaking through Mr. Justice THOMPSON: "Trespass is proper, when the injury is by the direct act of the party, whether done wilfully or negligently. Force directly applied is the criterion" (p. 185).

The second assignment of error is sustained. The

judgment of the court below sustaining the question of law raised by the defendant in the nature of a demurrer, (See Acts of May 14, 1915, P. L. 483, Sec. 20, and April 14, 1921, P. L. 144), is reversed, and a procedendo awarded.