Paulson, Appellant, *v.* Eisenberg.

504

Argued November 17, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Bernard Gekoski,* with him *Wexler & Weisman,* for appellant.

*Alfred I. Ginsburg,* for appellee.

OPINION BY KELLER, P. J., March 3, 1939:

Appeal by plaintiff from the judgment of the municipal court sustaining exceptions of the defendant, on certiorari to the judgment of a magistrate, and entering judgment for the defendant.

The question involved in this case is whether a justice of the peace or alderman—or in Philadelphia, a magis-

trate—has jurisdiction in tort, in an action formerly known as 'trespass on the case,' for damage negligently done to plaintiff's automobile—less than $100 in amount —by defendant's automobile, while being operated by a third person, in the absence of the defendant.[1]

It is well settled that justices of the peace and other inferior magistrates have only such jurisdiction as is given them by statute (*Eason v. Smith*, 8 S. & R. 343; *Murdy v. McCutcheon*, 95 Pa. 435); that the Act of March 20, 1810, 5 Sm. L. 161, gave them jurisdiction of all causes of action arising from contract express or implied, where the sum demanded was not above $100, —extended, except in Philadelphia, by Act of July 7, 1879, P. L. 194, to $300; that the Act of March 22, 1814, 6 Sm. L. 182 (enlarging the jurisdiction granted by the Acts of March 1, 1799, 3 Sm. L. 354, and April 4, 1809, 5 Sm. L. 62) granted justices of the peace and aldermen jurisdiction of actions of trover and conversion and of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate in all cases where the value of the property claimed or damage alleged to have been sustained did not exceed $100—likewise extended, except in Philadelphia, by Act of July 7, 1879, supra, to $300. But it was established by a long line of decisions that they did not give jurisdiction except in cases where the damage arose by an actual and *immediate* injury done to real or personal property; they did not apply to actions of trespass on the case, where the injury was consequential: *Masteller v. Trimbly*, 6 Binney 33; *Hobbs v. Geiss*, 13 S. & R. 417, 420; *Dolph v. Ferris*, 7 W. &. S. 367, 368; *Phila. G. & N. Railroad Co. v. Wilt*, 4 Wharton

---

[1] If the defendant owner is present when the injury is done, trespass vi et armis will lie and the justice has jurisdiction: *Strohl v. Levan*, 39 Pa. 177, 184; *Lassock v. Bileski*, 94 Pa. Superior Ct. 299, 302; Act of July 7, 1879, P. L. 194; *Knautt v. Massinger*, 116 Pa. Superior Ct. 286, 177 A. 56.

143, 147; *Seitzinger v. Steinberger,* 12 Pa. 379, 380; *Twp. of Moreland v. Gordner,* 109 Pa. 116; *Gingrich v. Sheaffer,* 16 Pa. Superior Ct. 299, 304; *Birkhead v. Ward,* 35 Pa. Superior Ct. 235, 240.

If this case came within the Act of March 22, 1814, supra, the *appeal* would have to be quashed for the provision of the 22d section of the Act of March 20, 1810, 5 Sm. L. 161, by special enactment of the Act of March 22, 1814, 6 Sm. L. 182, applies to all cases brought thereunder, hence it follows that the judgment of the common pleas, or municipal court, is final in all cases of certiorari to the judgment of a justice in actions of trover and conversion and trespass arising under said Act of 1814: *Alexander & Co. v. Goldstein,* 13 Pa. Superior Ct. 518; *Minogue v. Ashland Borough,* 27 Pa. Superior Ct. 506.

Appellant's counsel frankly admits that the magistrate did not have jurisdiction under the Act of 1814. He claims that jurisdiction was conferred by the Act of June 14, 1923, P. L. 718, sec. 30, which amended section 36 of the Motor Vehicle Act of June 30, 1919, P. L. 678, and was re-enacted in section 1208 of the Vehicle Code of May 1, 1929, P. L. 905 and its amendment of June 22, 1931, P. L. 751, 75 PS sec. 738.

Section 36 of the Motor Vehicle Act of 1919 was a substantial re-enactment of section 9 of the Act of April 19, 1905, P. L. 217 and section 24 of the Act of April 27, 1909, P. L. 265, relating to motor vehicles. It was as follows: "All civil actions for damages arising from the use and operation of any motor vehicle may, at the discretion of the plaintiff, be brought in the county wherein the alleged damages were sustained, and service of process may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county."

In passing upon the question whether this section, as contained in the Act of 1909, supra, violated section 7 of Article III of our Constitution which forbids the General Assembly passing any local or special law regulating the jurisdiction of courts, justices of the peace, etc., Judge WILLIAM D. PORTER, speaking for this court, in *Garrett v. Turner,* 47 Pa. Superior Ct. 128, said: "This section of the statute does not confer upon any court jurisdiction of any cause of action which it did not already possess, nor does it take from any court any jurisdiction with which it was already vested ...... [It] applies to all civil actions for damages arising from the use and operation of motor vehicles upon every highway in the state. The courts of the county where such damages were sustained always had jurisdiction of actions of this character. This section of the statute made no change in the jurisdiction of the courts; the only effect of the section, challenged by appellant, related to the service of the process outside of the county in which the action was brought, when the residence of the defendant was in another county. This provision, as to the service of process, applies to the courts of all the counties of the state; it cannot, therefore, be said to be local. The contention of the appellant is that it is special, in that it imposes a peculiar burden upon owners of motor vehicles, for the exclusive benefit of those who are injured by and have a right of action against them. This section of the statute does not relate simply to actions for damages against the owners of motor vehicles; it applies to all who become liable, under existing laws, to answer in damages, because of the manner in which they use and operate a motor vehicle upon a public highway, whether they have owned, hired or borrowed the vehicle. The owner or operator of a motor vehicle enjoys the benefit of this section of the statute with all other citizens, upon equal terms, if his motor vehicle is injured or he suffers personal hurt through the negligence, recklessness or in-

tentional misconduct of one operating another motor vehicle, this section of the statute puts it in his power to have his right to damages determined within the jurisdiction where the injury was suffered" (pp. 132, 133). Then, after pointing out that the development and use of the automobile had revolutionized traffic upon all the highways of the state and had resulted in many conflicting local police regulations, Judge PORTER went on to say: "This was the condition of affairs when the legislature of the state assumed the duty, in the exercise of the supreme police power with which it was invested, to establish uniform regulations with regard to this matter and limit the power of local authorities to the ordaining of regulations which were not inconsistent with the uniform code. The Act of April 27, 1909, P. L. 265, is the final expression of the legislative will upon this subject and supersedes all prior legislation inconsistent therewith. This statute regulates the use of all public highways within the commonwealth and, with regard to that use, constitutes as a distinct class all those who operate motor vehicles upon the public roads ...... The Act of April 27, 1909, established a universal rule which applies to all persons who operate motor vehicles upon any public highway within the commonwealth and it is a general statute: *Strine v. Foltz*, 113 Pa. 349. The wide extent of country covered by the movement of a motor vehicle renders it much more probable that, when negligently operated, an accident may occur and an injury be inflicted in a county other than that in which the operator has his residence. The ease and rapidity with which the operator of a motor vehicle may vanish from the scene where he has inflicted an injury, renders it much more difficult for the party injured to call the wrongdoer to account in the county where the injury was inflicted and where the witnesses by whom the negligence of the defendant must be established reside, than is the case where an injury results from the negligent management

of a horse-drawn carriage ...... The negligent operator of an automobile has thus a manifest advantage over the driver of a horse, in avoiding service of process within the county where his negligence has caused an injury and the party injured is at a corresponding disadvantage in obtaining redress. It is on this difference that the discrimination in the Act of 1909, with regard to service of process, is founded, and it is a fair and constitutional basis for the legislative discretion: *Kennedy v. Insurance Co.*, 165 Pa. 179; *Clark's Estate*, 195 Pa. 520" (pp. 134, 135, 136).

One cannot read the opinion of Judge PORTER, which was cited with approval by the Supreme Court in *Orlosky v. Haskell*, 304 Pa. 57, 65, 155 A. 112, and *Gossard v. Gossard*, 319 Pa. 129, 134, 178 A. 837, without recognizing the distinction between (1) jurisdiction of the cause of action and (2) service of process so as to acquire jurisdiction of the person; and concluding that if the Act of 1909 had attempted to confer jurisdiction of a *right of action in trespass* on persons suffering damage in automobiles different from those enjoyed by persons injured in accidents generally, it would have been held invalid as special legislation in violation of Article III, section 7 of the Constitution. It is to be noted that the title of the Motor Vehicle Act of 1919, supra, contained the clauses, "regulating the service of process and proceedings in actions for damages arising from the use of any motor vehicle." See Article III, section 3 of the Constitution.

The amending Act of 1923, supra, contained nothing in its title, showing that it contemplated enlarging the jurisdiction of justices of the peace, etc., so as to confer on them jurisdiction over certain limited and prescribed actions of trespass on the case, which they did not previously have. See *Spector v. Northwestern F. & M. Ins. Co.*, 285 Pa. 464, 132 A. 531. Nor does such intention to enlarge the jurisdiction in tort of justices

of the peace appear in the title of the Vehicle Code of 1929, P. L. 905, supra, or its amendment of 1931, P. L. 751.

Section 36 of the Act of 1919, as amended by section 30 of the Act of 1923, reads as follows—the italicized parts showing the changes made by the amending act: "All civil actions for damages arising from the use and operation of any motor vehicle may, at the discretion of the plaintiff, be brought *before any alderman, magistrate, or justice of the peace* in the county where the alleged damages were sustained, *if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same properly sworn to by the party making such repairs or his agent, or said action may be brought in the court of common pleas of said county,* and service of process, *in either case,* may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county: *Provided, That no action involving more than one hundred ($100) dollars shall be brought before any alderman, magistrate, or justice of the peace.*"

In addition to Art. III, section 3, which provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title," the following constitutional provisions, (eliminating unnecessary verbiage), are involved:—

"Art. III, sec. 7. The General Assembly shall not pass any local or special law: ...... Regulating the ...... jurisdiction of ...... courts, aldermen, justices of the peace ...... or other tribunal ......"

"Art. V, sec. 12. In Philadelphia there shall be established for each thirty thousand inhabitants, one

court, not of record, of police and civil causes, with jurisdiction not exceeding one hundred dollars; such courts shall be held by magistrates ...... *and shall exercise such jurisdiction, civil and criminal,* except as herein provided, *as is now exercised by aldermen, subject to such changes, not involving an increase of civil jurisdiction* ...... as may be made by law." (Italics supplied).

If the contention of the appellant should be sustained, the effect of section 30 of the Act of 1923 and its reenactment in section 1208 of the Vehicle Code of 1929, would be to confer on justices of the peace, aldermen and Philadelphia magistrates a new jurisdiction in civil cases, not before given them, viz., jurisdiction in tort in cases formerly cognizable only in the court of common pleas, or municipal court, by action of trespass in the nature of trespass on the case, but *limited* to cases arising from the use and operation of motor vehicles, (1) for the recovery of damages for injury done to personal property, as distinguished from damages for personal injury, and (2) where the damage can be repaired, and (3) has been repaired and a receipted bill therefor produced and (4) the damage does not exceed $100.

Since the Act of 1879 justices of the peace and aldermen [2] have jurisdiction in all actions for the recovery of damages to real or personal property and for personal injury caused by direct and immediate injury in the nature of trespass quare clausum fregit and trespass vi et armis, as distinguished from consequential injuries, redressable by action on the case, where the sum demanded does not exceed $300: *Knautt v. Massinger,* 116 Pa. Superior Ct. 286, 177 A. 56; *Sprout v. Kirk,* 80 Pa. Superior Ct. 514. The Act of 1879 was a

---

[2] The constitutional provision above referred to (Art. V, sec. 12) prevents magistrates in Philadelphia having civil jurisdiction in excess of $100.

general act applying to every case of trespass and trover and conversion, as well as actions arising from contract, of which justices of the peace and aldermen had jurisdiction. Construed as contended for by the appellant, section 30 of the Act of 1923 is special legislation attempting to enlarge the jurisdiction of justices of the peace, aldermen and magistrates but limiting the enlargement to cases arising from certain kinds of injuries and to certain forms of injury and damages. While it may be reasonable classification to permit special service of process on defendants in motor vehicle accidents—but see *Williams v. Meredith*, 326 Pa. 570, 192 A. 924, overruling *Aversa v. Aubry*, 303 Pa. 139, 154 A. 311; and *Orlosky v. Haskell*, 304 Pa. 57, 66, 155 A. 112—there is no reasonable ground for making any distinction as to jurisdiction over *rights of action* for damages arising from the use and operation of motor vehicles and those arising from any other cause; or as to jurisdiction over *rights of action* for damages to personal property and rights of action for personal injuries growing out of the same occurrence; or as to jurisdiction over rights of action for personal property destroyed and for personal property damaged but capable of being repaired; or as to jurisdiction over rights of action where the damages have been repaired and where they have not.

Can anyone reasonably contend that if an act should be passed by the General Assembly now in session, with a proper title, enlarging the jurisdiction of justices of the peace so as to include actions in trespass for consequential damages, now recoverable only in the common pleas, by action in the nature of trespass on the case, but limiting it to cases (1) growing out of automobile accidents, (2) for property damage, (3) where the damage can be repaired, (4) and has been repaired, and (5) a receipted bill therefor is produced, there would be any doubt that it would be declared

unconstitutional as special legislation in violation of Art. III, section 7 of the Constitution? Why should it be otherwise as respects the same provision contained in an act relating to motor vehicles or constituting a Vehicle Code?

On the other hand, if the purpose at the base of section 24 of the Act of 1909, and section 36 of the Act of 1919, is kept in view, to wit, the service of process on a defendant living outside of the county where the injury was sustained by deputizing the sheriff in the county where the defendant resides, and the object of the amendment of 1923 is to grant similar rights of service of process in actions brought before justices of the peace, aldermen and magistrates, of which they have jurisdiction, then the section can stand, just as the right was sustained in actions brought in the common pleas, in the case of *Garrett v. Turner*, supra.

Unless it is so construed, it is unconstitutional as special legislation regulating the jurisdiction of aldermen, justices of the peace and magistrates.

We are satisfied that the dictum in *Orlosky v. Haskell*, 304 Pa. 57, 63, 155 A. 112, as to the construction of the first clause of Section 1208 of the Vehicle Code of 1929,—which re-enacted section 30 of the Act of June 14, 1923, supra—, was to draw attention to the distinction between it and the second clause which deals with actions in the common pleas, and was the matter being passed upon by the court in that case, and was not intended as an authoritative ruling on the subject. The court did not refer to the change effected by the Act of 1923, supra.

The assignments of error are overruled and the judgment of the court below is affirmed.