## Matthews v. Klepfer

*Alex S. Scribner*, for defendant.

LONG, P. J., March 3, 1941.—This matter arises by virtue of certiorari issued at the instance of Earl S. Klepfer, the above-named defendant. On November 12, 1940, a summons in trespass issued to J. V. McFarland, constable, of the Borough of Brookville, out of the office of Miss Mabel B. McKinley, justice of the peace, at the instance of plaintiff against defendant, and made returnable November 18, 1940, at 9 p.m. The transcript shows that:

"I served the within summons and probated account upon the within named Earl S. Klepfer on the 13th day of

November, 1940, at Clover Township, said County, by handing a true and attested copy thereof to him at his residence. So Answers J. V. McFarland, Constable."

The transcript further sets forth that:

"Now, November 18, 1940, at 9:00 o'clock, P. M., G. W. Matthews, of Bradford, Pa., R. D., having filed Affidavit of Claim, together with itemized receipted bill for $71.20 for damage to 1941 Buick car, said receipted bill showing affidavit as to charges made, affidavit signed by Paul Rink. Earl S. Klepfer, of Baxter, Pa., R. D., defendant, does not appear or file affidavit of defense.

"Judgment is therefore publicly given in favor of the plaintiff, G. W. Matthews, and against the defendant, Earl S. Klepfer, for the sum of $71.20 and the costs of suit, in default of appearance."

Counsel for defendant has filed three exceptions to the proceedings, wherein he has alleged, inter alia, that judgment cannot be rendered by a justice of the peace upon an affidavit of claim in an action of trespass; and that no testimony was taken before the justice of the peace.

We shall first refer to the question of jurisdiction. A justice of the peace has only such jurisdiction in civil actions as is given him by statutes: Murdy v. McCutcheon et ux., 95 Pa. 435. If the jurisdiction is not expressly granted, he does not have it. Moreover, such jurisdiction in civil matters is limited and must always be shown by the record: Emlenton Water Co. v. Kelly, 10 D. & C. 453.

Attached to the summons was a receipted bill purporting to have been for repairs on a 1941 Buick coupe as the result of damages sustained to fenders, doors, and other parts thereof, aggregating $71.20. On the back of this receipted bill is an affidavit made by Paul Rink, member of the firm of Rink Brothers, wherein he sets forth that the charges made were for labor and material used on a motor vehicle belonging to G. W. Matthews to replace broken or damaged parts thereof. There is also attached to the summons plaintiff's affidavit of claim, signed by G. W. Matthews, said affidavit being silent as to the nature of the alleged indebtedness. On the back of this

affidavit appears a printed notice signed by the justice of the peace, wherein she certified:

"That the within are true copies of plaintiff's affidavit and statement of claim, showing the original entry book account, instrument of writing, or claim, stating the amount the plaintiff verily believes to be due from the defendant and filed by the plaintiff in my office as required by Act of July 7, 1879, before a summons in the foregoing entitled suit was issued."

Thereafter is a notice signed by the justice of the peace, reading as follows:

"Affidavit of defense to be filed at or before time summons is returnable."

It will therefore be observed that the action is based solely on the authority set forth in the Act of July 7, 1879, P. L. 194. The Act of March 22, 1814, 6 Sm. L. 182, as amended by the Act of 1879, supra, provides:

"That . . . justices of the peace, in this commonwealth, shall have concurrent jurisdiction with the courts of common pleas of all actions arising from contract, either express or implied, and of all actions of trespass and of trover and conversion, wherein the sum demanded does not exceed three hundred dollars, except in cases of real contract where the title to lands or tenements may come in question, or action upon promise of marriage."

In using the term "actions of trespass" the act refers, of course, to actions of trespass vi et armis and quare clausum fregit, as distinguished from actions of trespass on the case, commonly referred to as "actions on the case". It follows that since the Act of 1879, supra, a justice of the peace has jurisdiction in all actions of trespass, where the injury is direct and immediate (as opposed to consequential damages), wherein the sum demanded does not exceed $300. Consequential damages, formerly recoverable in an action of trespass on the case, are still without the justice's jurisdiction.

Section 2 of the Act of 1879, supra, provides:

"In all actions brought before any justice of the peace . . . on any contract for the payment of money, either

expressed or implied, if the plaintiff shall file at any time before the issuing of the summons in any such case an affidavit, stating the amount he verily believes to be due from the defendant, together with a copy of the book entries or instrument of writing upon which the action is brought, or where the claims are not evidenced by writing, if the plaintiff shall file as aforesaid an affidavit setting forth a full and detailed statement of the same, it shall be the duty of the justice . . . to make a copy of such affidavit, duly certify the same, and deliver it to the constable to whom the summons is issued, which certified copy shall be served at the time and in the manner that service is made of the summons in the case; and the justice . . . shall render judgment in favor of the plaintiff for the amount of his claim, unless the defendant, at or before the time at which the summons is made returnable, shall have filed with the justice . . . an affidavit of defense setting forth fully the nature and character of the same . . ."

It will be observed that the justice of the peace, by virtue of the above-recited act, has jurisdiction on any contract for the payment of money where the sum demanded does not exceed $300, except in cases of real contract where the title to land or tenements may come in question. Where the affidavit of claim has been properly made and filed and a certified copy thereof served with the summons and no affidavit of defense has been filed thereto, the justice may render judgment in default of such affidavit of defense.

In the instant case a summons in trespass was issued, wherein the mechanic's affidavit sets forth that damages were sustained to plaintiff's automobile. The record is silent as to the person by whom or the manner in which the damages were caused. The record must affirmatively show that all precedent acts required by the statute have been performed: Statler v. Alexander Film Co., 21 D. & C. 512; Emlenton Water Co. v. Kelly, supra.

If the damages sustained to plaintiff's automobile were the direct and immediate acts of defendant, personally,

then plaintiff may have been warranted in bringing an action in trespass vi et armis; however, if such damages were the result of some alleged act of negligence on the part of defendant's agent in his absence, then any damages sustained to plaintiff as the result of the negligence of defendant's agent would be known as consequential damages, for which the justice of the peace has no jurisdiction. If the damages arose from the use and operation of a motor vehicle, then plaintiff was at liberty, by virtue of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, 75 PS §738, to have brought his action before any justice of the peace in the county wherein the alleged damages were sustained, if he had said damages repaired and produced a receipted bill for the same, properly sworn to by the party making such repairs or his agent. However, nowhere does the record show that the action for damages to plaintiff's automobile arose in Jefferson County. If there was an accident causing the damages it may have occurred at any place. The Act of 1929, as amended, does not extend jurisdiction of a justice of the peace to actions for consequential damages arising out of an automobile accident: Dreibelbis v. Bowman et al., 31 D. & C. 570; Paulson v. Eisenberg, 134 Pa. Superior Ct. 503.

We know of no act of assembly authorizing a justice of the peace to attach a probated statement to a summons in trespass and thereafter, without testimony against defendant, enter judgment in default of an appearance. It follows that from the transcript, which is silent as to jurisdiction, the exceptions must be sustained and the judgment reversed. See Finkenbinder v. Eberly, 30 D. & C. 312; Knautt v. Massinger, 116 Pa. Superior Ct. 286; Paulson v. Eisenberg, supra. Therefore, we make the following

*Order*

And now, March 3, 1941, after due and careful consideration, the exceptions are sustained and the judgment of Mabel B. McKinley, Esq., justice of the peace, is reversed.