## Stackhouse v. Moffett

*William W. Mentzinger, Jr.,* for plaintiff.
*Harrison G. Kildare,* for defendant.

BLUETT, J., September 19, 1941.—On May 20, 1941, plaintiff sued defendant before Magistrate Joseph H. Rainey of Philadelphia County. After hearing, a judgment was given for plaintiff on May 29, 1941, for $58.10, plus $4 costs. Defendant filed an appeal as of the above court, term, and number. A statement of claim and rule to file an affidavit of defense was filed on July 21, 1941, and on July 25, 1941, an affidavit of defense raising questions of law was filed. Argument

was had before the court on these questions of law on September 12, 1941, at which time briefs were submitted by the attorney for defendant. No brief was furnished by the attorney for plaintiff.

The statement of claim alleges that the suit is for damages as the result of a collision or contact between cars owned by plaintiff and defendant, respectively, on October 8, 1940, at the intersection of Houghton Street and Roxborough Avenue, Philadelphia. Plaintiff was operating his automobile northwardly on Houghton Street and defendant's automobile was occupied and being driven by defendant's servant, agent, workman, or employe, acting within the scope of his employment and engaged upon the business of defendant, "and acting within the presence of said defendant and at the direction of said defendant" he drove defendant's auto from a parked position on Houghton Street into the side of plaintiff's car, causing damage to the amount of $58.10. It is alleged that, at the time of the collision, defendant's truck was being operated in the presence and at the direction of defendant, who was about ten feet away.

The transcript sets forth that defendant's "servant, agent, workman, or employe" was defendant's son, who was operating defendant's car at the time of the collision in defendant's presence and at his direction. The transcript shows that defendant at the magistrate's hearing denied that he was directing the operation of his automobile, but that he was some distance away with his back toward the truck. He also denied that his truck was moved from the parked position.

Defendant has denied any negligence on the part of his servant, or driver, but for the purpose of this matter, if it be assumed that the collision was the result of negligence on the part of defendant's servant or employe, then it would appear from the record in the case that the damages to plaintiff were the indirect and consequential effects of the negligence of defendant's

agent. Actions for the recovery of indirect and consequential damages are trespass on the case, and a magistrate has no jurisdiction thereof: Paulson v. Eisenberg, 134 Pa. Superior Ct. 503 (1939).

Although the statement of claim states that defendant was 10 feet away and the agent was acting under defendant's direction, there is no specific act of direction mentioned, and it is not clear to what extent defendant directed the negligent operation of defendant's car. From that statement, would it not seem that defendant was merely there in the course of his business and did not issue any orders or directions, except possibly general orders that he move the truck to another position. It would seem to me that the allegation of defendant's presence and direction is vague and cleverly set forth to try to bring the matter within the scope of trespass vi et armis so that the magistrate might have jurisdiction. All this is unnecessary, as an action might easily be brought in the first instance in the Municipal Court with no more inconvenience and at practically the same cost as an action before the magistrate.

At the argument plaintiff presented no brief but cited the case of Fisher v. Edmunds et al., 38 D. & C. 331 (1940), in support of his contention that the magistrate in the instant case had jurisdiction. That case, however, would rather support defendant's contention that the magistrate has no jurisdiction. In that case, the transcript merely showed the happening of an accident as the result of the carelessness of someone driving the other car. What connection defendants had with the other car was not shown. In that case, the court held that the record must show facts which will give the justice jurisdiction; that it must show that defendant was actually driving the car, or that he was the owner of the car and also present at the time. This idea of defendant's presence making the action trespass vi et armis and giving the justice jurisdiction was

referred to in the leading case of Paulson v. Eisenberg, 134 Pa. Superior Ct. 503; but an examination of the cases referred to there in support of such law shows that defendants were seated in the cars next to the driver and, therefore, in a position to give explicit directions and exercise almost immediate control over the driver.

The court was, therefore, of the opinion that the record of the admitted facts in this case clearly indicates that the action was one of trespass on the case and not within the jurisdiction of the magistrate. For that reason, defendant's questions of law were sustained.