## Di Cecco v. Spindler

*Roland S. Grubb*, for defendant.

WINDLE, P. J., September 22, 1941. — Plaintiff brought an action in trespass before a justice of the peace in this county, who rendered judgment by default in her favor and against defendant for the full amount of the claim, whereupon defendant caused to issue this writ of certiorari. Her exceptions in support thereof are to the effect that "no proper receipted bills for repairs to plaintiff's car were presented" to the justice of the peace, "as provided for by The Motor Vehicle Code" of this State and that the justice "had no authority under the law to enter judgment by default for want of an appearance of defendant, in an action for property damage arising out of a collision between the automobiles of plaintiff and defendant." We believe the exceptions must be sustained and the judgment reversed.

A justice has only such jurisdiction in civil actions as is given him by statute: Murdy v. McCutcheon et ux., 95 Pa. 435; Knautt v. Massinger, 116 Pa. Superior Ct. 286; Paulson v. Eisenberg, 134 Pa. Superior Ct. 503; and failure of the record to show his jurisdiction is fatal: Emlenton Water Co. v. Kelly, 10 D. & C. 453; Matthews v. Klepfer, 40 D. & C. 484. Here the record of the justice, as certified to us in his transcript thereof, does not show his jurisdiction of the cause of action sued on.

Apparently from the exceptions filed the cause of action here sued on arose from an automobile collision, although nowhere in the record of the proceedings before the justice does that appear except by vague inference. The transcript states that a summons was issued

June 4, 1941, to M. J. Moynihan, constable, which was returnable on June 11, 1941, between the hours of 11 a.m. (d. s. t.) and 12 noon (d. s. t.), and which was served on defendant by the said constable. It goes on as follows:

"And now, June 4, 1941, summons returned. Served within summons and copy of claim and certified receipted bill for damages upon the within-named Elizabeth G. Spindler by handing a true and attested copy thereof to an adult member of her family at her home in Embreeville, Chester County, Pa., on June 4, 1941. So answers M. J. Moynihan, constable. Sworn to and subscribed. Summons in trespass not exceeding $100."

Presumably, then, this action was brought in contemplation of the provisions of section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by section 2 of the Act of June 22, 1931, P. L. 751, 75 PS §738. The procedure, however, does not comply with said provisions. The statute requires that "All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent; . . . ."

Nowhere in this record does it appear that the alleged damages, for recovery of which this suit was brought, were sustained in Chester County or that a receipted bill for the repair of said damages, properly sworn to by the person making such repairs or his agent, was produced. The service of a "certified receipted bill for damages" along with the summons is not sufficient. It is obvious, therefore, that this record does not disclose jurisdiction of the cause of action in the justice based upon the terms of said act, and that therefore it is defective if said act only is relied on.

It is suggested by counsel for plaintiff in his brief that this action was not brought under the above section of The Vehicle Code but under the general law giving a justice of the peace jurisdiction in cases involving claims up to $300. The difficulty with that position is, however, that even if that be so the record, while indicating that the action is one in tort, does not indicate that it is for a trespass vi et armis as it must be to endow the justice with jurisdiction. If the action be one in tort for consequential damages, formerly claimed in an action of trespass on the case, a justice has no jurisdiction: Paulson v. Eisenberg, 134 Pa. Superior Ct. 503. Here again, then, the record does not show jurisdiction in the justice.

And, finally, we agree with the contention of exceptant that there is no authority for a justice of the peace to enter judgment by default for want of appearance in an action of trespass. This same question was passed upon in the Court of Common Pleas of Jefferson County in this State in the case of Matthews v. Klepfer, supra. In the opinion therein, Long, P. J., states (p. 488):

"We know of no act of assembly authorizing a justice of the peace to attach a probated statement to a summons in trespass and thereafter, without testimony against defendant, enter judgment in default of an appearance."

We likewise have been unable to find any authority for such action nor has our attention been directed to any. We are constrained to believe that there is none. Section 2 of the Act of July 7, 1879, P. L. 194, 42 PS §451, providing for entry of judgment upon the failure to file an affidavit of defense to a sworn statement served with the summons in an action in assumpsit before a justice of the peace, has no application here. Section 6 of the Act of March 20, 1810, P. L. 208, 42 PS §471, likewise is not an authority to support the judg-

ment here entered because, if for no other reason, the transcript does not indicate that the justice heard proofs of allegations and the character thereof: Johnson v. Taylor, 25 Luz. L. R. Rep. 196; Trick v. Raup & An, 9 Northumb. 75; Engle v. Ephrata Mountain Crystal Springs Water Co., 14 Dist. R. 159; Hampton v. Mimm, no. 96, April term, 1941, Chester County, and authorities there cited.

From the above it is clear that the entry of this judgment was without foundation in law and the exceptions thereto must be sustained.

Exceptions sustained. Judgment reversed.