## Magnotta v. Grancey, etc.

*Vosburg & Vosburg,* for plaintiff.
*Frank M. Walsh,* for defendant.

EAGEN, J., January 13, 1943.—This is a certiorari questioning the judgment rendered before an alderman in an action of trespass. In the opinion of the court at least two exceptions filed are well taken. An examination of the record discloses that the summons was originally served upon defendant by handing a true and attested copy to his wife at their dwelling house. Upon the date fixed for hearing the case was continued for one week and all parties were notified. Upon that date another continuance of one week is noted on the docket and whether or not any notice was given does not appear. At the time fixed for the hearing the case was continued indefinitely, "all parties notified." Approximately two months later another date was fixed for the

hearing and the record merely says "All parties notified." Upon this scheduled date and time plaintiff appeared, defendant did not, and judgment was given in favor of plaintiff by default.

It is our opinion that the record is defective because the manner of notice given of the date upon which the hearing was finally held nowhere appears. It was a default judgment and the record, in view of the number and nature of the postponements, should show defendant was notified in accordance with the law. The failure to do so is a fatal defect.

Also this was an action in trespass and recovery was allowed in the amount of $290. While the minor judiciary does have jurisdiction in actions of trespass in an amount up to $300, it is only where the case involves "direct and immediate" injury. Such jurisdiction does not exist where the damages involved are "indirect or consequential." See Paulson v. Eisenberg, 134 Pa. Superior Ct. 503, and Knautt v. Massinger, 116 Pa. Superior Ct. 286.

While the record of the alderman need not show every detail of the evidence offered before him to sustain the claim, the law does require that the specific facts appear upon which the jurisdiction rests: Commonwealth v. Pennsylvania Milk Products Corp., 141 Pa. Superior Ct. 282, and cases therein cited. In the present case the narrative of the evidence offered by plaintiff is so vague and meager that it is utterly impossible to ascertain whether or not jurisdiction existed.

The judgment must be reversed, therefore, and either of the above reasons would require this action. Defendant has moved to quash the writ of certiorari on the ground that it was issued more than 20 days after the entry of the judgment. See Act of March 20, 1810, P. L. 208, sec. 21, 42 PS §951.

However, the cases have repeatedly held that the limitation of 20 days does not apply where jurisdiction is

involved or where the process was improperly served. See The Philadelphia Inquirer Co. v. Marvin, 31 D. & C. 480, and Lacock v. White, 19 Pa. 495. The defects in the alderman's record in the instant case certainly go to the jurisdiction.

Wherefore, January 13, 1943, the motion to quash the writ of certiorari is overruled and the exceptions and certiorari filed to the record of the alderman are sustained and the judgment of the alderman is reversed.