## Edwartosky v. Weoloski et al.

*A. C. F. Kenowski,* for defendants.

HOBAN, J., October 21, 1946.—This is on certiorari to Alderman Simon T. Evans, fourth ward of the City of Scranton.

The record shows that plaintiff sued defendants in trespass to recover damages to the amount of three times an alleged overcharge in the price of a used automobile sold by defendants to plaintiff. Plaintiff sues for three times the overcharge as authorized by the Federal Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23, as amended: 50 U. S. C. §901 et seq. The alderman entered judgment for plaintiff for the sum of $247.62, with interest from June 14, 1946. The exceptions suggest a diminution of the record, challenge the sufficiency of the proofs, and question the jurisdiction of the alderman to entertain the action.

Our Common Pleas Rule No. 334 provides a method of securing a more perfect return. Action under the rule was not taken so the record as returned is conclusive.

Sufficiency of the evidence is a matter for appeal and will not be inquired into on certiorari. We are here concerned only with the regularity of the proceedings and the jurisdiction of the alderman.

However, the exceptions as to the jurisdiction must be sustained. It has been held consistently in Pennsylvania that justices of the peace and aldermen have only the jurisdiction conferred on them by statute.

The jurisdiction of aldermen in actions of trespass is limited to actions for direct and immediate injuries to properties or persons in the nature of trespass quare clausem fregit and trespass vi et armis.

Aldermen do not have jurisdiction of trespass actions involving consequential damages in the nature of actions on the case: Paulson v. Eisenberg, 134 Pa. Superior Ct. 503.

In actions for penalties jurisdiction is limited to actions of debt, for penalties for breaches of ordinances of the city, township or borough to which the aldermen or justices belong: Act of April 15, 1835, P. L. 291, sec. 7; 42 PS §291.

The nature of the action here must be one either for consequential damages, as in an action on the case, or for a penalty, and in neither case has the alderman jurisdiction.

Does the Emergency Price Control Act enlarge the jurisdiction of the aldermen? Legal or equitable rights acquired under the system of Federal laws or of State laws may be enforced in any court of either the Federal Government or the State, which is competent to hear and determine such kind of rights, and is not restrained by its Constitution or the provisions

regulating its own legal system in the exercise of such jurisdiction. Congress, of course, if it sees fit, may restrict jurisdiction arising under laws of the United States to Federal courts, and the Federal Constitution itself reserves jurisdiction in certain types of cases exclusively to the Federal judicial system. The principle is discussed in Claflin v. Houseman, 93 U. S. 130. See also the earlier cases of Houston v. Moore, 5 Wheaton 1, and The Moses Taylor, 4 Wallace 411.

Section 205(c) of the Emergency Price Control Act, supra, confers concurrent jurisdiction on State courts to determine questions such as the one under consideration, but within the State judicial system the conferring of such jurisdiction does not remove the restrictions placed by the State Constitution and laws on the jurisdiction of any of the separate courts within the State. Under our system the jurisdiction of aldermen and justices of the peace is strictly limited to that conferred by our own statutes, and the controversy here is not included within the limits of such jurisdiction.

While not raised by exception, it is noted that the complaint named two of the defendants under the alternative style and/or. If a summons were served in this fashion, we are of the opinion that service would be ineffective to bring defendants so named into court. Actions in personam are between definite persons based on the theory of definite responsibility owing by defendants to plaintiffs, and pleadings in the alternative are insufficient to charge parties so named with definite violations of obligations. The practice is to be condemned.

Now, October 21, 1946, the judgment of Simon T. Evans, alderman of the fourth ward of the City of Scranton, in the above-captioned case is reversed.